# THE ILLINOIS TERRA COTTA LUMBER COMPANY

## *v.*

## MARTIN J. HANLEY.

### *Opinion filed February 21, 1905.*

1. PLEADING—*when count sufficiently charges the injury to be the proximate result of the negligence charged.* A count alleging that the defendant negligently constructed a scaffold and allowed the same to remain in such unsafe condition, and that while plaintiff, with due caution, was working thereon said scaffold broke and collapsed, by means whereof plaintiff was injured, is sufficient, after verdict, as charging that the scaffold fell on account of its negligent construction.

2. INSTRUCTIONS—*when instruction is erroneous in omitting element of assumed risk.* An instruction, in an action by a servant for personal injuries, which authorizes a recovery if the jury believe the plaintiff, while in the exercise of due care, was injured in consequence of the negligence of the defendant, as charged in the declaration, is erroneous, where there is evidence tending to show the plaintiff assumed the risk and there is no allegation in the declaration that he did not assume it.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

F. J. CANTY, E. E. GRAY, and R. W. IRWIN, for appellant.

EDWARD R. LITZINGER, (CHAS. L. MAHONY, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case, commenced by the appellee in the circuit court of Cook county to recover damages for an injury to his person sustained by him while in the employ of the appellant. The declaration contained two counts. The general issue was filed, and a trial before the court and a jury resulted in a verdict in favor of the plaintiff for the sum of $1500, upon which the court, after overruling a motion

for a new trial and in arrest of judgment, rendered judgment, which judgment, upon appeal, was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The evidence introduced upon behalf of plaintiff tended to show the defendant was engaged in constructing a ten-story steel building in the city of Chicago; that he was in its employ as a laborer; that the building was under roof, and the floors, with the exception of the ninth, were laid. The frame was built in sections sixteen feet square, at the corners of which were upright steel columns. In the holes in these columns intended for the insertion of I-beams to support the ninth floor, the ends of wooden stringers were inserted and upon said stringers were laid planks which formed a scaffold. December 19, 1900, plaintiff and other laborers were sent by the foreman of defendant upon said scaffold to take the centers and circles down from the floor above. So soon as said centers and circles were taken down they were carried away by other laborers. While plaintiff was thus employed one of the stringers supporting the scaffold broke in the center and the scaffold collapsed and fell to the floor below and appellee was injured.

The first count averred that on the 19th day of December, 1900, the defendant negligently, improperly and carelessly caused said scaffold to be carelessly and negligently constructed and to remain in such improper and unsafe condition, and while plaintiff was then and there working as such laborer, and was using due care and caution for his own safety, the said scaffold then and there broke and collapsed, by means whereof plaintiff was injured, etc. The first contention made is, that the averments of said count, as above set forth, do not show that the injury was the natural and proximate result of the negligence charged in that count, the criticism upon the count being, it does not allege the scaffold collapsed and fell on account of its defective construction. The sufficiency of said count was not challenged by a de-

murrer, but the general issue was filed.  In *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100, it was held a defect in a pleading, in substance or form, which would be fatal on demurrer, is cured by a verdict, where the issue joined is such as necessarily requires proof of the facts so imperfectly stated or omitted, and without 'which proof it is not to be presumed that the judge would have directed or the jury have returned the verdict.   To the same effect is *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, and *City of Chicago* v. *Lonergan,* 196 id. 518.   While the first count of the declaration, upon demurrer, would have perhaps been deemed insufficient, under the rule announced in *Strain* v. *Strain,* 14 Ill. 368, and *McGanahan* v. *East St. Louis and Carondelet Railway Co.* 72 id. 557, after verdict that count of the declaration was sufficient, as it is clear the only ground upon which the jury could have returned a verdict in favor of the plaintiff was, that the scaffold fell by reason of the negligent manner in which it had been constructed by the servants of defendant.

It is next contended that the court erred in giving to the jury the first and second instructions given on behalf of the plaintiff, which were as follows:

1. "If the jury believe, from all the evidence and under the instructions of the court, that the plaintiff has made out his case as laid in the declaration or any count thereof, they must find for the plaintiff.

2. "If the jury believe, from the evidence, that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendant, the Illinois Terra Cotta Lumber Company, as charged in his declaration or in any count thereof, then you can find the defendant, the Illinois Terra Cotta Lumber Company, guilty."

The evidence offered upon behalf of the defendant tended to show that the plaintiff assisted in the construction of said scaffold, and knew, as well or better than the defendant, its condition, and it is urged by reason of those facts he assumed the risk of being injured by its fall.   The evidence upon the

question of whether the plaintiff knew, or ought to have known, the condition of said scaffold and its liability to fall was conflicting, and the evidence of the defendant fairly tended to support the view that the risk of being injured by the falling of the scaffold was assumed by the plaintiff. The defendant therefore had the right to have the jury instructed upon the question of assumed risk. (*Chicago Union Traction Co.* v. *Browdy,* 206 Ill. 615.) The instructions complained of are peremptory in form, and informed the jury if they found, from the evidence, that plaintiff had made out his case as laid in his declaration or any count thereof, they should find in favor of the plaintiff. The effect of said instructions was to eliminate the question of assumed risk from the case, as it is not averred in either count of the declaration, expressly or by implication, that the plaintiff did not assume the risk of being injured from the falling of the scaffold, or that he did not know or have reason to know of its defective condition at the time it collapsed and fell. The jury, if they followed either of said instructions, might have found the averments of one or both counts of the declaration to have been fully established by the evidence and based their verdict thereon, although they believed, from the evidence, the plaintiff assumed the risk of being injured from the falling of the said scaffold. *Herdman-Harrison Milling Co.* v. *Spehr,* 145 Ill. 329; *Swift & Co.* v. *Rutkowski,* 167 id. 156; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608.

In *Illinois Central Railroad Co.* v. *Smith, supra,* in an instruction the court stated the substantial facts averred in the declaration, and informed the jury that if they found those facts to be true then the plaintiff would be entitled to recover. The question of assumed risk was involved in the case, and it was said the instruction was erroneous as it ignored the question of assumed risk, and it was held, where an instruction amounts to a direction to find for the plaintiff if the jury believe the facts stated in the instruction to have been proven, the instruction must embrace all the facts essential to a re-

covery and not ignore facts which would defeat a recovery if true. And in *Pardridge* v. *Cutler,* 168 Ill. 504, on page 512, it is said: "If an instruction directs a verdict for either party, or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed."

· The answer made to the contention of defendant that the giving of said instructions was, in effect, to eliminate the question·of assumed risk from the case, is, that instructions given in the form in which those instructions were framed have been approved by this court, notably in *Ohio and Mississippi Railway Co.* v. *Porter,* 92 Ill. 437, *Laflin & Rand Powder Co.* v. *Tearney,* 131 id. 322, and *Chicago City Railway Co.* v. *Carroll,* 206 id. 318. In those cases the instructions which were given were not objectionable in form, as no question of assumed risk, or other similar·question not covered by the averments of the declaration, was involved, and under the rule announced in *North Chicago Street Railroad Co.* v. *Polkey,* 203 Ill. 225, the instructions were properly given. But in a case like this, where the effect of an instruction is to eliminate a substantial defense from the consideration of the jury and to inform the jury they may find for the plaintiff without taking into consideration such defense, the giving of an instruction in form similar to the first and second instructions given in this case is not proper. The jury should be instructed with reference to the issues involved, in view of the questions raised and the facts proven on the trial. What might be a proper instruction in one case would constitute prejudicial error if given in another.

We think the effect of the first and second instructions given on behalf of the plaintiff was to eliminate from the consideration of the jury the question of assumed risk, and that by reason of the giving thereof the case must be reversed.

The judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court for a new trial.                                    *Reversed and remanded.*