## Manufacturers' Fuel Company v. James White.

1. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions given in a cause must be predicated upon the evidence therein.

2. VICIOUS ANIMAL—*when recovery for injuries received from, cannot be had.* Recovery cannot be had for injuries received from a vicious animal where it appears that the plaintiff knew of the dangerous disposition of the animal, or that the same was so obvious that in the exercise of ordinary care he should have known of it, and continued to drive such animal without complaint.

Action on the case for personal injuries. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

JOHN E. HOGAN, for appellant.

McQUIGG & DOWELL and J. C. McBRIDE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This was an action of trespass on the case, brought by appellee, a minor, by his next friend, against appellant, to

recover damages resulting from injuries received while he was in the employ of said company, and through its alleged negligence. The declaration avers that the defendant was operating a coal mine, in Pana, Illinois; that in the operation of such mine it used divers mules for the purpose of hauling coal from and returning empty cars to the miners' rooms; that defendant also employed servants to drive said mules known as "drivers;" that upon the 2nd day of May, 1904, plaintiff was in the employ of defendant as a driver and driving such particular mules as the defendant might require and direct; that it was the duty of defendant to furnish plaintiff such a mule as was docile and safe, yet the defendant disregarded its said duty and gave him a vicious and unsafe mule named " Pete," that had a disposition to kick, which disposition was unknown to the plaintiff and known to the defendant; that upon the date aforesaid the plaintiff was driving said mule in the discharge of his duty and using due care and caution for his safety, and that without fault or misconduct on his part, he was attacked and kicked by the mule and injured. To the declaration, the defendant filed a plea of not guilty. When the case was called for trial, the defendant entered a motion, supported by affidavit, for continuance, upon the ground that material witnesses in its behalf were unable to be present at said trial, which motion was overruled. A trial was then had, and the jury returned a verdict for the plaintiff, and assessed his damages at $2,500. The court overruled a motion by defendant for a new trial and rendered judgment on the verdict for $2,500. To reverse said judgment this appeal was prayed by defendant.

The errors assigned and argued are that the court erred in overruling appellant's motion for a continuance; that the verdict is manifestly against the weight of the evidence, and is excessive, and that the jury was improperly instructed. As the cause must be remanded for another trial for error in the instructions, we will refrain from discussing the question as to the weight of the evidence, and it will be unnecessary to discuss the remaining errors assigned as the questions involved will not, in all probability, again arise.

The material facts, so far as it is deemed necessary to recite them, are substantially as follows: Appellee, at the time of the alleged injury, was seventeen years of age, and was engaged in driving a mule in the mine of the appellant company. He began work in the fore part of December, 1903, and continued thereat until the latter part of the same month, during which time he drove the mule, called "Pete," which later injured him, and hauled what was known as "one car trips," that is, a single loaded car of coal. He left the service of the appellant the latter part of December and worked at another mine until the latter part of January, 1904, when he again entered the employ of appellant, and continued therein until the 28th day of March, when he was discharged. On April 8th, following, he again resumed work in the mine, and from that time continued to use the mule "Pete" in hauling "one car trips" until April 28th, when he was ordered by the " boss driver" to haul two car trips. This he continued to do until May 2, 1904, the day he was injured. The evidence also discloses that the mule "Pete" had been used in the mine some six or eight years; that when hitched to a single car or light load that he was gentle, but that when hitched to two or more cars, or heavily loaded, he would kick viciously, and it was dangerous to be near him, or attempt to do anything with him; that under similar circumstances, he had frequently kicked at persons who were driving him, some of whom were injured more or less.

At the request of the plaintiff the court gave to the jury the following instruction:

" The jury are further instructed that the law is that the owner or keeper of domestic animals is liable for all injuries done by them, provided such owner or keeper has notice of the inclination of the particular animal complained of to commit such injuries; and if the jury believe, from the evidence in this case, that the plaintiff was injured by being kicked by the mule, ' Pete,' while he was at the time exercising due care and caution for his own safety, and that said mule had a dangerous and vicious propensity to kick persons, and that this dangerous and vicious pro-

pensity was known to defendant, or its agents, and unknown to the plaintiff, then the plaintiff is entitled to recover on account of the injuries received by him and you will find your verdict in favor of the plaintiff."

The first clause of this instruction is vicious in that it is abstract in form, and ignores the question of assumed risk, and contributory negligence. We are unable to say that the jury were not misled into following it; in which case they could not have done otherwise than find for the defendant. The instruction is subject to further criticism in that it ignores the rule that although the plaintiff may not have had actual knowledge that the mule had kicking propensities, if by the exercise of due care he would have known of the same, knowledge would be imputed to him.

Appellee's sixth instruction tells the jury that although they may believe from the evidence that the plaintiff had on some occasions seen the mule kick, yet that fact would not prevent him from recovering, if they further believed from the evidence that at that time the said plaintiff was a minor and was not of sufficient age, intelligence and discretion to understand and appreciate the danger to which he was exposed in working with and about said mule, and that he was not informed by the defendant or its servants of the dangerous and vicious propensity of said mule to kick.

The evidence does not warrant the giving of this instruction. The evidence tends strongly to prove not only that appellee had actual notice of the vicious disposition, character and habits of the mule, but that he was experienced in driving mules generally, and the mule "Pete" in particular; that he had driven it over three months, and that on several occasions it had kicked at him; that he had seen it kick at others, and that several of his fellow-servants had warned him to be careful or the mule would hurt him.

Appellee's first instruction is as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff has proven his case as al-

leged in his declaration by a preponderance of the evidence, it will be your duty to find your verdict in favor of the plaintiff."

Appellant insists that the instruction is erroneous, because it does not negative the assumption of risk which was an essential element in the case, and cites in support of such contention the case of Lumber Co. v. Hanley, 214 Ill. 243. It is true that if, as there is evidence tending to show, appellee knew of the dangerous disposition of the mule, or that the same was so obvious that in the exercise of ordinary care he would have known of it, and he continued to drive it without complaint, under the law he assumed the attendant risk. The declaration directly avers that the vicious and dangerous disposition of the mule was unknown to plaintiff, thus expressly negativing any assumption of risk, by reason of actual knowledge. Constructive notice of such danger is, however, in no way negatived. If appellee by the exercise of ordinary care would have known of the disposition of the mule and the danger likely to result therefrom, actual notice was unnecessary. In such case, in the absence of any circumstances which in law would negative such assumption, he would assume the risk notwithstanding.

In the close state of the proof we cannot but regard the instructions referred to as seriously misleading, and we are constrained to hold that giving the same to the jury constituted prejudicial error.

The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*