## Chicago & Eastern Illinois Railway Company v. C. M. Walker.

1. ASSUMED RISK—*extent of doctrine of.* A servant by his contract of employment assumes not only the risk of the negligence of his fellow-servants, but also the risks usually incident to his employment, arising either from obvious dangers and defects in the premises where his work was to be done or from the usual and customary manner in which such work was done.

2. ASSUMED RISK—*instruction should not ignore.* An instruction predicated upon the right of recovery should not ignore the defense of assumed risk.

3. CONTRIBUTORY NEGLIGENCE—*when instruction should not ignore.* An instruction predicated upon the right of recovery should not ignore the defense of contributory negligence.

4. INSTRUCTIONS—*must not submit questions of law.* An instruction which leaves it to the jury to determine what are the material allegations of the declaration, is erroneous in submitting a question of law.

Action on the case for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed June 8, 1906.

H. M. STEELY and LOUIS CLEMENTS, for appellant.

SALMANS & DRAPER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Vermilion County in favor of appellee, and against appellant for $4,500, in an action on the case to recover damages for a personal injury.

The "Momence yards" of appellant consist of a main track, running north and south, and fourteen switch or side tracks. On the west side of the main track nine side tracks are connected with the main track at the north by a lead track. The lead track is connected with the main track by a stand switch having a light on it, and with the several switch or side tracks by ground throw switches. Going west from the main track the first side track is known as No. 8, the next as No. 9, and so on to No. 16.

C. & E. I. Ry. Co. v. Walker.

Between nine and ten o'clock A. M. of October 3, 1904, appellee, a freight conductor in the employ of appellant, arrived at Momence Junction, with engine No. 180 and a train of sixty-seven freight cars, which he was ordered to sidetrack on track No. 9 in the Momence yards, and to wait there until called out. The train was sidetracked as ordered, the engine going to the roundhouse, and appellee to the caboose at the rear of his train. At about five o'clock in the afternoon appellee left the caboose and went north along his train on his way to the yard office. Near the head of his train appellee met the caller, who notified him that his train would be ordered out about seven o'clock. Appellee went to the yard office and registered, and while doing so his engine backed down and was coupled onto the head of the freight train.

At the office appellee was informed by the yardmaster that one of the switch engines would push the freight train over the Momence hill as usual. Appellee then returned to his train and had a conversation with the engineer relative to pulling out. As appellee left the engine he saw a switch engine approaching from the north on the main track. The switch engine was headed north, backing south, with a lighted headlight on either end. Appellee supposing it was the switch engine which was to push his train, concluded that instead of letting it go south and get behind his train, he would go across and stop it south of the north end of the switches and let it couple to the rear of his train after his own engine had pulled the train out of the switch on to the main track. In going from his position between track No. 9 and track No. 8 to the main track where he might signal the switch engine, appellee was obliged to cross track No. 8, and in doing so he was knocked down by a cut of cars which was being run onto track No. 8. The evidence discloses that the engine appellee was about to signal was not, as he supposed, the engine which was to push his train, but was a switch engine making a flying switch of a cut of seven cars from the main track to sidetrack No. 8, for the purpose of coupling the engine onto

the north end of the cut of cars. There was no warning light or brakeman on the south end of the cut of cars.

The evidence tends to show that appellee, at the time of his injury, had several years' experience in railroad work, as a telegraph operator, brakeman and conductor; that for three years he had, in the usual course of his employment, run in and out of the Momence yards on an average of three to four times a week; that he was thoroughly familiar with all the tracks and switches, and also with the usual and customary methods by which trains were made up and cars were switched in those yards.

By his contract of employment appellee assumed, not only the risk of the negligence of his fellow-servants, but also the risk usually incident to his employment, arising either from obvious dangers and defects in the premises where the work was done, or from the usual and customary manner in which the work was done. C. & E. I. R. R. Co. v. White, 209 Ill. 124.

The known usual and customary method of switching in the yards was a vital issue in the case as affecting the defenses of assumed risk and contributory negligence interposed by appellant, but the court refused to permit appellant to show such usual and customary method. This was error. The known usual and customary method of doing the work being an important factor in the determination of the questions of assumed risk and contributory negligence involved in the case, it is clear that evidence of such method was not only competent but necessary to enable the jury to intelligently determine those questions.

The first instruction given at the request of appellee is faulty in that it submits to the jury a question of law, viz: the material allegations of the declaration, and because it eliminates the question of assumed risk. Illinois Terra Cotta Co. v. Hanley, 214 Ill. 243.

The third instruction given at the request of appellee is as follows: "You are instructed by the court that, under the law, the defendant is, as a rule, liable for the carelessness or negligence of its agents, servants or employees by

reason of which injury is done to others, except in cases where the injury complained of is due to the carelessness or negligence of co-employees or fellow-servants, as hereinafter defined in these instructions." This instruction assumes to state an abstract proposition of law and is misleading. It presumes the negligence of the servants of appellant, and ignores the questions of contributory negligence and assumed risk. The instruction should have been refused.

The sixth instruction given at the request of appellee ignores assumption of risk arising from the known usual and customary method of doing the work.

The seventeenth instruction offered by appellant and refused by the court assumes that the method of switching employed in the yards at the time of the accident was the usual and customary method, and fails to limit appellee's assumption of risk to the known usual and customary method of switching. Appellant's twentieth instruction confuses the doctrines of contributory negligence and assumed risk and was properly refused.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*