## Lake Street Elevated Railroad Company v. Edward A. Fitzgerald.

### Gen. No. 13,067.

1. DECLARATION—*when sufficiently alleges retention of incompetent servant.* A declaration sufficiently charges the knowing retention of an incompetent servant where it contains an allegation as follows: "that the defendant negligently, knowingly, etc., employed and permitted a careless, unskilled and incompetent servant to manage, propel and operate the said motor car."

2. ASSUMED RISK—*when instruction should not ignore doctrine of.* In an action for personal injuries between master and servant, an instruction which concludes with a direction that the jury shall render a verdict for the plaintiff if they shall find certain facts, is erroneous if it ignores the doctrine of assumed risk.

3. INSTRUCTION—*when directory in form.* The effect of an instruction is to direct a verdict in case the facts stated in the instruction are found by the jury to exist, although the language of

the conclusion is that in such case the jury *"may* find a verdict for the plaintiff."

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed April 30, 1907. Rehearing granted June 25, 1907. October 4, 1907, opinion of April 30, 1907, recalled and following opinion filed, and it was ordered by the court that the order of reversal and remandment of April 30, 1907, remain in full force and effect.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $10,000, recovered by the plaintiff in an action for personal injuries. The declaration consisted of four counts.

The court instructed the jury that there was no evidence to support the second count, and that as to said count they should find in favor of the defendant, and gave a similar instruction as to the third count. The jury returned a general verdict of guilty, assessing plaintiff's damages at $13,500; the plaintiff remitted $3,500, and for the remainder judgment was entered.

The case was before this court at the October term, 1904, and the facts sufficiently appear in the opinion then filed. Lake St. El. R. R. Co. v. Fitzgerald, 112 Ill. App., 312.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellant.

WILLIAM P. BLACK and WILLIAM A. DOYLE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The first count avers that the defendant was possessed of a certain railroad and of an electric motor car used thereon; that plaintiff was a servant of the defendant, employed in assisting to move cars on said railroad, and that it was his duty to couple and uncouple cars, etc.; that the defendant should have employed a competent, careful and skilled servant to manage, control and operate the motor car so as to

protect the plaintiff from danger, but that it did not procure and employ a competent, careful and skilled servant so as to operate the said car, but on the contrary thereof carelessly, negligently, improperly and knowingly employed and permitted a careless, unskilled and incompetent servant to manage, propel and operate the said motor car, by means whereof, while the plaintiff was uncoupling the passenger car from the motor car and while in the exercise of due care for his own safety, the said servant of the defendant in charge of and operating said motor car, by reason of his being so incompetent, as aforesaid, then and there so improperly drove, managed and controlled the said motor car that the plaintiff was thrown between the cars and injured.

The contention of appellant is that the only negligence averred in the first count, is negligence in the selection of the motorman, and that therefore it was error to refuse defendant's eighth instruction, by which the court was asked to instruct the jury that if they believed that the defendant exercised reasonable care in the selection of the motorman when it employed him, then there could be no recovery under the first count. To employ means not alone to select or hire, it also means to keep in service, to use or employ as an agent or servant. In this sense the motorman was employed by the defendant to operate its motor car whenever he was put in charge of it by the defendant. But the count avers not only that he was employed, but that he was employed and permitted to operate said car. We think that the allegation that the defendant "negligently, knowingly, etc., employed and permitted a careless, unskilled and incompetent servant to manage, propel and operate the said motor car," is a sufficient allegation of negligence in knowingly retaining an incompetent servant, and that the trial court did not err in refusing said instruction.

The fourth count avers that it was necesary to move and the plaintiff and the servant of the defendant in charge of the motor car did move the cars along and upon a certain switch and turn-out connecting the main track with the said yard to and towards a certain post, commonly called a bump-

ing post, which was then and there placed at the end of the said switch track, and that the bumping post was placed so near the place where the connecting switch tracks connected with the said yard tracks that it was dangerous and unsafe to move cars thereon, by reason of its being difficult to check and arrest the motion of cars coming off from the main track to and upon the said yard tracks in the distance between the place where the switch track connected with the yard track and bumping post, which was then and there a short distance, to-wit, forty feet, and that the plaintiff, while disconnecting and uncoupling the cars, and while in the exercise of due care for his own safety, and while the servant of the defendant controlling the motor car was driving the said car along said connecting switch tracks, the said motor car ran violently against the post, by reason of the bumping post being then and there so near to the junction of the said connecting tracks and the said yard tracks, and there thereby the plaintiff was thrown between the cars and injured.

The case, upon the declaration and proofs, involved the question of assumption of risk by the plaintiff, and it was essential to a proper trial of that issue that the jury be properly instructed as to the principles of law which should govern them in reaching a conclusion upon that issue.

The following is the first instruction given for the plaintiff:

"The court instructs the jury that under the law it was the duty of the master to exercise reasonable diligence to furnish the servant with a reasonably safe place and surroundings in which to do his work, and it was his duty to exercise reasonable care also to continue to keep the place and surroundings in a reasonably safe condition. And if you believe from the evidence that the plaintiff was injured while in the exercise of ordinary care for his own safety, and by reason of the negligence of the master in failing to perform its said duty, as alleged in the declaration, then you may find a verdict in favor of the plaintiff."

L. S. E. R. R. Co. v. Fitzgerald.

Montgomery Coal Co. v. Barringer, 218 Ill., 327, was an action by an employee against an employer to recover for injuries alleged to have been sustained by reason of a defective appliance furnished by the employer. The court gave an instruction in which the duty of the master was stated substantially as in the instruction above set out, and concluded as follows: "and if you believe from a preponderance of the evidence, that the plaintiff, while in the exercise of due care, was injured in consequence of neglect on the part of said defendant of its said duty as charged in the declaration, then you should find the defendant guilty." The giving of this instruction was held reversible error, for the reason that it "wholly ignores the question of assumed risk." There is no substantial difference between the instruction in that case and the instruction in question.

The giving of substantially the same instruction was held reversible error for the same reason in I. C. R. R. Co. v. Smith, 208 Ill., 608; L. E. & W. R. R. Co. v. Wilson, 189 id., 89; Swift v. Rutkowski, 167 id., 156, and Herdman-Harrison Milling Co. v. Spehr, 145 id., 329.

The effect of the instruction was to direct a verdict in case the facts stated in the instruction were found by the jury to be true, although the language was that in such case the jury, "may find a verdict for the plaintiff."

In Terra Cotta Lumber Co. v. Hanley, 214 Ill., 243, the words of the instruction were: "if you believe, etc., then you can find a verdict for the plaintiff"; in I. C. R. R. Co. v. Smith, supra, the words were: "if you believe, etc.; then the plaintiff will be entitled to recover," and in both cases the instruction was held to direct a verdict if the facts stated in the instruction were found by the jury to be true.

In a case where the question of assumption of risk is involved, it is error to instruct the jury that, if the plaintiff has made out his case, as alleged in his declaration or any count thereof, he is entitled to a verdict, for the reason that such instruction ignores the question of assumption of risk. Terra Cotta Lumber Co. v. Hanley, supra.

If the case does not involve the question of assumption of

risk or any similar question, it is not error to give such instruction. So if the question is involved in the case, but in the declaration facts are averred which, if true, negative the assumption of risk it is not error to give such instruction. Kirk & Co. v. Jajko, 224 Ill., 342; Springfield Boiler Co. v. Parks, 222 *id.*, 355; N. C. R. R. Co. v. Aufmann, 221 *id.*, 614; C. & A. R. R. Co. v. Howell, 208 *id.*, 155; C. & N. W. R. R. Co. v. Marinan, 124 Ill. App., 272.

The error in the instruction given in this case was not cured by instructions upon the question of assumed risk given for the defendant. Montgomery Coal Co. v. Barringer, *supra;* Terra Cotta Lumber Co. v. Hanley, *supra;* I. C. R. R. Co. v. Smith, *supra;* Pardridge v. Cutler, 168 Ill., 504.

The giving of said instruction for the plaintiff was, in our opinion, reversible error, and for that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*