DETERMINED IN THE

# THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1907.

---

## Chicago & Eastern Illinois Railroad Company v. C. M. Walker.

1. NEGLIGENCE—*when evidence upon question of, erroneous.* The admission of evidence which tends to prove a charge of negligence not relied upon in the declaration, is erroneous.

2. ASSUMED RISK—*when instruction erroneous in ignoring doctrine of.* Where the action is between master and servant, an instruction is erroneous in ignoring the doctrine of assumed risk where it tells the jury in substance that to entitle the plaintiff to recover he simply has to establish the allegations of his declaration by a preponderance of the evidence—there being no allegation in the declaration that the plaintiff had not assumed the risk.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

H. M. STEELY and LOUIS CLEMENTS, for appellant.

G. W. SALMANS and FRED L. DRAPER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This case was before this court at the November term, 1905. It was then reversed and remanded in an opinion reported in 127 Ill. App. 212. The case was fully stated in that opinion, and it is, therefore, unnecessary to restate the same here.

Since the filing of that opinion the case has been again tried and a verdict returned in favor of appellee and against appellant in the sum of $5,000, upon which the court rendered judgment, from which appeal has been prosecuted.

Many errors have been assigned by appellant, but we deem it necessary to discuss only two of them, as they are of such character as to render reversal necessary.

Appellee was allowed by the court, over objection made by appellant, to show that at the time of the injury there was in force upon appellant's line of road a rule that running or flying switches should not be made when a switch rope would answer the purpose, and in connection therewith appellee was permitted to testify, over objection, that a switch rope could have been used for the purpose of running the cars that injured appellee in upon the switch track.

This was clearly error. The only negligence charged in appellee's declaration was that there were no lights upon the cars switched; that there was no switchman or other person on said cars, and that appellee had no warning of the approach of the cars until he discovered it by the light of his lantern; that the agents, servants and employes of the said defendant were guilty of negligence in throwing said cut of cars into said switch at night time and at a time when other servants of defendant were making up a train in said yards in close proximity to said switch. No allegation or averment was anywhere made in the declaration to the effect that appellant was guilty of negligence in not switching by means of a rope, and to allow appellee to give in evidence the matters above stated was to permit a recovery upon a basis or ground not set out in his declaration.

There was also error in the giving of appellee's fifth instruction. In substance that instruction told the jury that to entitle plaintiff to recover he simply had

to establish the allegations of his declaration by a preponderance of the evidence. In the case of Illinois Terra Cotta Lumber Co. v. Henley, 214 Ill. 243, the court say that it is error to give an instruction which authorizes a recovery by a servant for personal injuries, if the jury believe the servant, while in the exercise of due care, was injured in consequence of the negligence of the employer as charged in the declaration, where there is evidence tending to show that the servant assumed the risk and there is no allegation in the declaration that he had not assumed it.

In the case at bar there is no averment in the declaration that appellee had not assumed the risk, and it was therefore error to permit a recovery wholly regardless of the issue, clearly made by the evidence, that the risk had been assumed by appellee.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*