Anton Fatz, Appellee, v. Continental Manufacturing Company, Appellant.

Gen. No. 13,998.

INSTRUCTIONS—*when erroneous in ignoring defense of assumed risk.* An instruction as follows, with respect to the preponderance of the evidence, is erroneous in ignoring the defense of assumed risk.

"While the burden is on the plaintiff to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, that would be sufficient to warrant the jury in finding in his favor. If you find from the evidence that the plaintiff has proved his case as laid in the first count of his declaration by a preponderance of the evidence, then you should find the issues for the plaintiff."

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed May 19, 1908.

**Statement by the Court.** This is an action for personal injuries in which appellee recovered a judgment for $500.

At the time of the injury appellee was operating a planer in appellant's furniture factory, dressing, it is said, one-inch boards down to a thickness of seven-eights of an inch. A board was in process of being planed and had passed nearly through the planer, within five inches of the end, it is said, when the board was "kicked back," striking appellee, who was stand-

ing about sixteen feet in front of the machine, inflict-
ing the injuries complained of. Appellee states that
when he first started to work on the machine he noticed
that it was not quite right; that the plates or "chip
breakers" which pressed down on and held the boards
as they were being planed were three-sixteenths of an
inch longer on one side than the other, so that the
roller would catch the board more on one side than
the other. He states that he mentioned this to the
foreman, who said he "would have it fixed." About
two days before the accident the foreman sent a man
to fix the rollers, but it is claimed that the screws or
bolts with which the rollers were adjusted were too
short and that this prevented the roller from gripping
the board tightly enough. The foreman is said to have
been told of this and he said a man from the machine
shop would come and fix it. It is claimed that very
often, sometimes as often as every other day, "boards
would get stuck in the machine," and that then a man
"would come and fix the machine and it would run all
right again."

The declaration charges that appellant allowed the
planer to become and remain in an unsafe condition
and out of repair so that it became "worn out and de-
fective so that the feed rollers by means of which
boards were carried under and through the knives of
said planer" became ineffective, etc.

F. J. CANTY and J. C. M. CLOW, for appellant.

J. W. SUTTON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the
court.

It is contended in behalf of appellant that the proof
utterly fails to sustain the charge of negligence in the
declaration; that plaintiff had been a regular and con-
stant operator of planers for nearly seven years be-
fore the accident, and under the law must be held to
have had full knowledge of the condition of the planer,

whatever it was, and that the rule of assumed risk is a complete bar to recovery by appellee. It is urged, therefore, that it was erroneous to instruct the jury that a servant assumes only those risks incident to the work, omitting the class of risks which the servant assumes by continuing the work with full knowledge of the danger; and that by a further instruction the court eliminated entirely the defense of assumed risk.

The instruction last referred to is as follows:

"While the burden is on the plaintiff to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, that would be sufficient to warrant the jury in finding in his favor. If you find from the evidence that the plaintiff has proved his case as laid in the first count of his declaration by a preponderance of the evidence, then you should find the issues for the plaintiff."

This instruction was erroneous, inasmuch as it wholly ignores the question of assumed risk." Montgomery Coal Co. v. Barringer, 218 Ill. 327. The instruction directs the jury that they "should find the issues for the plaintiff" if they find from the evidence that the plaintiff has proved by a preponderance of evidence his case as laid in the first count of his declaration, the only count upon which the cause was submitted. We said, through Mr. Justice Baker, in The Lake Street Elevated Railroad Company v. Fitzgerald, 136 Ill. App. 281: "In a case where the assumption of risk is involved, it is error to instruct the jury that if the plaintiff has made out his case as alleged in his declaration or any count thereof he is entitled to a verdict, for the reason that such instruction ignores the assumption of risk." In the opinion filed in that cause the question here involved is fully considered and the authorities cited. The instruction above quoted was clearly erroneous and requires that the judgment of the Circuit Court shall be reversed and the cause remanded. It will be so ordered.

*Reversed and remanded.*