**Martin Mis, Defendant in Error, v. Witherspoon-Englar Company, Plaintiff in Error.**

**Gen. No. 14,251.**

INSTRUCTIONS—*when error to ignore defense of assumed risk.* An instruction in an action for personal injuries which undertakes to sum up the entire case and to state what elements will justify a verdict for the plaintiff is erroneous if it ignores the defense of assumed risk which exists in the case.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed January 8, 1909.

F. J. Canty, for plaintiff in error; R. J. Folonie and George Pfirshing, of counsel.

B. M. Shaffner, for defendant in error.

Mr. Presiding Justice Smith delivered the opinion of the court.

The defendant in error, Martin Mis, brought an action in the Municipal Court of Chicago, against the plaintiff in error, Witherspoon-Englar Company, to recover damages for injuries sustained April 22, 1907, by the caving in of a trench in which he was digging. The plaintiff's statement of claim alleges, "that plaintiff was employed as a laborer digging in a trench for defendant; that it was the duty of defendant to furnish him a safe place to work, and it should have supported the walls of the trench; that defendant negligently failed to do so, and that the foreman of defendant negligently removed the boards supporting the walls of said trench without warning the plaintiff; that the plaintiff was ignorant of the danger of caving in, and defendant had reasonable cause to know of such danger."

The trial resulted in a verdict for the plaintiff for $300, and the plaintiff had judgment on the verdict.

The evidence in the record tended to show that the plaintiff was employed by the defendant as a laborer, and that he had been digging in this ditch or trench from March 12, until the following April 23, when he was injured. The trench was made six feet deep originally, and four feet wide at the bottom and seven or eight feet wide at the top. At the bottom of the ditch a concrete base had been laid which was eighteen inches high. This left the surface of the ground about four and one-half feet above the surface of the concrete base. The sides of the trench had been shored by placing planks against them with braces running across the trench from side to side. After the concrete base had been laid in the trench plaintiff had taken out the

shoring or assisted in taking it out, in order to permit the carpenters to put in the form for the continuation of the concrete wall up to the surface of the ground. At the time of the accident plaintiff was in the trench cleaning off the mud and dirt from the top of the concrete base, and some loose dirt from the side of the trench fell upon him.

The court charged the jury as follows:

"The plaintiff is bound to make out his case by a preponderance of the testimony; a preponderance means the greater weight of the evidence; the material allegations which the plaintiff in this case is bound to make out are these: first, that the plaintiff was injured as alleged in the bill of particulars; second that the defendant was negligent as alleged in the bill of particulars; third, that the injury of the plaintiff, if there was an injury, was due, approximately, to the negligence of the defendant, if there was any such negligence; fourth, that the plaintiff at the time and place in question was in the exercise of due care for his own safety. If you find from the evidence and under the instructions of the court that the plaintiff has failed to make out any of these allegations by a preponderance of all of the evidence, then it would be the duty of the jury to find the verdict in favor of the defendant; if the plaintiff has made out all of said allegations by a preponderance of the evidence, then it would be the duty of the jury to find in favor of the plaintiff on the question of liability."

The evidence in the record tended to show that the plaintiff was the servant of the defendant and that he knew as well or better than the defendant the condition of the trench and the character of the soil in which it had been dug, and that the dangers were as obvious to him as to the defendant. The evidence offered by the defendant fairly tended to support the contention that the risk of being injured by the caving in of the banks of the trench was assumed by the plaintiff. The question of assumption of risk is involved in the case, and is not denied expressly or by implication

by the allegations of the plaintiff's statement of claim. The above instruction is peremptory in form, and stated to the jury that if they believed from the preponderance of the evidence that the plaintiff had made out his case according to the allegations of the "bill of particulars," meaning thereby the plaintiff's statement of claim, it was their duty to find in favor of the plaintiff on the question of liability. The effect of this instruction was to eliminate from the case the question of assumed risk. This was substantial and reversible error. Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243; Montgomery Coal Co. v. Barringer, 218 id. 327. If it was true that the plaintiff assumed the risk, that fact would defeat a recovery. The question of assumed risk was one for the jury under proper instructions, and the court erred in eliminating it from their consideration.

For this error the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*