John Boden, Appellee, v. Kewanee Coal & Mining Company, Appellant.

## Gen. No. 5165.

INSTRUCTIONS—*erroneous in ignoring defense.*   In an action on the case for personal injuries, an instruction which authorizes a verdict for the plaintiff is erroneous which does not require that the jury shall find that the injury did not result from a risk assumed by the plaintiff or from the negligence of a fellow-servant where both of such defenses were relied upon and supported by evidence tending to establish the same.

Action in case for personal injuries.   Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.   Heard in this court at the April term, 1910.   Reversed and remanded. Opinion filed October 18, 1910.

POMEROY & DEMERATH and WILSON & CUMMINGS, for appellant.

N. F. ANDERSON, THOMAS J. WELCH and JAMES H. ANDREWS, for appellant.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant operates a coal mine.   There is a tower or tipple house over the shaft into which the coal is hoisted from the shaft.   It is then weighed and dumped into a chute on which the coal runs into cars located on any one of four tracks underneath, which tracks are parallel and run in an easterly and westerly direction.   Two of those tracks adjoining each other are known as the "slack" track and the "lump" track.   These tracks decline towards the west at a one per cent grade, so that a car loaded at the tipple house and started west by a pinch bar or by being bumped by a car from the east will run west by gravity.   At a point about 165 feet west of the chute the slack track and the lump track converge into a spur track and the force of gravity will carry a moving car on either of these tracks to a point on the spur track about 450 feet west of the chute, where loaded cars are stopped and retained till removed by an engine from an adjoining railway.   On May 9, 1906, appellee was working for appellant as a "flat trimmer."   It was his duty to stand in a car on which coal was being loaded from the chutes, to keep close watch of the coal as it ran over an iron apron into the car and pick out all slate, sulphur and other impurities.   When the car was full and after another employe had started it, it was his duty to run the loaded car down to and upon the spur track. Daniel Bauer was weighman in the tipple house.   It was his duty to weigh the coal and to cause it to be conducted over the chute to the proper car. What other duties he had is disputed.   David Terry was an employe of appellant whose duty it was to let empty cars down to the chute from an elevation further east and also to start loaded cars at the chute, either by the use of a pinch bar or by bumping the loaded car with an empty car to take its place.   Shortly before the accident upon which this suit was based, Terry let an empty car down on the slack track and it struck a loaded car at the chute on the slack track and they both got beyond Terry's control and ran away to the west and stopped at the point where the slack track and the lump track converge into the spur track.   Terry claims

that he notified appellee of this runaway. Appellee claims that he did not hear any such notice and did not know of the runaway. About five minutes later the loading of appellee's car on the lump track was finished and it was started down the grade. Appellee got upon a little platform at the west end of his car, adjusted the brake so as to be ready to stop the car when it reached the proper place on the spur track, and rode down the grade with his back towards the west. When his car reached the point where the lump track and the slack track converged, his car struck a corner of one of the runaway cars and he was caught and severely injured. He brought this suit against appellant to recover damages for said injuries, and in his declaration made various charges of negligence against appellant, and, upon a trial, had a verdict and a judgment, from which defendant below appeals.

Appellee claims that he was ordered by Bauer to send down this car; that Bauer was a vice principal; that appellee did not assume the risk, because he was obeying the special order of the vice principal and because he did not know that cars had run away on the slack track nor that they had stopped where the lump track and slack track converge into the spur track; that Terry was not his fellow servant, but if he was, and even if Terry's negligence caused the slack cars to be at the junction, still the defense that the injury was caused by the negligence of appellee's fellow servant is not well founded, because appellee acted in obedience to an order of the vice principal. There was evidence introduced by appellee tending to sustain these positions. Appellant introduced evidence tending to show that Bauer was not a vice principal and had no authority to order the car taken down, but that it was the regular duty of appellee to take the car down when it was loaded; that, while Bauer knew that the slack cars had run away, he did not know that they had stopped at the junction of the lump track and the slack track, and could not see that junction from the place where he stood when weighing coal; that Bauer did not order appellee to send down this car; that appellee took the

car down in the ordinary course of his employment, and therefore assumed the risk; that Terry was negligent in permitting the cars on the slack track to run away and in leaving them at the junction; that he was a fellow servant of plaintiff and that appellant is therefore not responsible to appellee for an injury resulting from Terry's negligence; that Terry notified appellee that the cars had run away; that it was a clear day and that appellee was negligent in not looking ahead as he went down the incline and discovering the cars at the junction; and that cars had run away nearly every day while appellee had been employed for appellant. It is therefore clear that there was evidence tending to show that the injury was caused by a fellow servant of plaintiff, for whose negligence appellant would not be responsible; and also evidence tending to show that the risk of injury in taking a loaded car down the incline was one which he assumed. These were questions of fact that it was the duty of the court to submit to the jury. When appellee argues that these defenses are not in the case, he can only mean that if the proof he relies upon is true, these defenses are overcome; but it is also true that, if the proof introduced by appellant is believed, these defenses are maintained.

In this state of the proof the court, at the request of appellee, gave the jury instruction No. 6, as follows:

"You are further instructed that the law demands that the defendant use ordinary skill and vigilance in providing for its servants and employees a reasonably safe place in which to perform their duties; and if you believe from the evidence in this case that the defendant corporation neglected to provide such a place for the plaintiff, Boden, to do his work, and that, by reason of such negligence on the part of the defendant, the plaintiff while exercising ordinary care for his own safety, was injured, then you should find the defendant guilty."

This instruction did not require that plaintiff should prove the case stated in the declaration or any count thereof, and made no reference to the declaration, and therefore cannot be aided by the declaration. It ignores the defense of as-

sumed risk and that the injury was caused by the negligence of a fellow servant. If Bauer was not a vice principal, or did not order appellee's car sent down, and did not know that the runaway cars had stopped at the junction, then the jury might have found that the only negligence was that of Terry, and if they also found that Terry was a fellow servant of appellee, then appellant would not be liable for this injury, and yet, in such a case, this instruction directed a verdict for appellee. So too, whether Bauer was or was not a vice principal, the jury might have taken a view of the testimony which would have made appellee assume the risk (Kolp v. Decatur Ry. & Light Co., 145 Ill. App. 645), in which case appellant would not be liable, and yet a verdict for appellee could be had under this instruction. The giving of such an instruction has been held reversible error in I. C. R. R. Co. v. Smith, 208 Ill. 608; Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243; Montgomery Coal Co. v. Barringer, 218 Ill. 327; and Mooney v. City of Chicago, 239 Ill. 414.

For the error in giving said instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*