## Bertha Pfohman, Administratrix, Appellee, v. Chicago & Alton Railroad Company, Appellant.

INSTRUCTIONS—*what essential where verdict is directed.* Where an instruction directs a verdict upon the proof of certain facts it must be accurate and contain all of the essentials necessary to be maintained by the plaintiff in order to entitle a verdict.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 20, 1911. Rehearing denied November 7, 1911.

BRACKEN & YOUNG, for appellants; SILAS H. STRAWN, of counsel.

JACOB P. LINDLEY and DE MANGE, GILLESPIE & DE MANGE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff as administratrix to recover damages for the death of her hus-

band who was employed as a switchman by the defendant company. Trial below resulted in a verdict against defendant for $3,500, on which judgment was rendered, and from which this appeal is prosecuted.

The declaration contains five counts, alleging in various forms negligence on the part of the defendant in failing to keep and maintain its yards at the point where the death of plaintiff's intestate occurred in a reasonably safe condition for the performance of his work. One specific charge is that the defendant did not keep its switch and main tracks ballasted so that the same was level and free from holes, etc., but, on the contrary, permitted holes to be and remain between the ties and permitted its ties to extend above the surface of the ground and that by reason thereof plaintiff's intestate, in performing his duties, caught his foot, in attempting to adjust a coupling or replace a coupling pin, and that by reason thereof he was run over and killed. Another specific charge of negligence is that at the point where plaintiff's intestate was killed, that a switch had been constructed and a stand erected and that at the points where the stand was connected with the switch points by means of brindle bars the ties were placed and permitted to remain such a distance apart that the brindle bars did not fill the space between the ties and that this space between the ties were not filled with ballast or cinders to the level of the ties and that by reason thereof left a space sufficient for plaintiff's intestate's foot to be caught between the brindle bars and the ties and in the hole or excavation so permitted to be there.

The declaration avers that plaintiff's intestate, in the performance of his duties, and in the exercise of due care and caution for his own safety, caught his foot and was thereby held fast and by reason thereof was run over by defendant's cars and died as a result of the injuries.

Defendant insists upon a reversal of this judgment for the reason that it is contrary to the law and the evidence, that the evidence is not sufficient to support the judgment, that the court erred in the admission and rejection of evidence and in the giving and refusing of instructions.

One of the defenses insisted upon by defendant and which from the evidence and the circumstances proven by this record is involved in this case is, that of assumed risk of plaintiff's intestate, and upon this question the defense insists that the giving of the second instruction requested on behalf of plaintiff was such error as to require a reversal of this cause. The declaration alleges in proper and apt averments the employment of the deceased, the operation of the railroad by the defendant, the exercise of due care and caution on the part of plaintiff's intestate and the negligence of the defendants in the particulars hereinbefore stated and the death of plaintiff's intestate, together with proper averments as to recovery. Neither the declaration nor any count thereof in any manner makes any averments in regard to the assumption of risk by plaintiff's intestate. The first instruction given on behalf of plaintiff informed the jury that if plaintiff had proven her declaration, then it was the duty of the jury to assess the damages; this instruction told the jury that nothing was necessary but the proof of the allegations of plaintiff's declaration, and in doing so the instruction wholly ignored the question of assumed risk, which is one of the elements necessarily involved in this case. The court, at the request of the plaintiff, also gave to the jury the following instruction:

"You are instructed that, if by a preponderance of the evidence and under the instructions of the court the plaintiff has proved her declaration, then she is entitled to recover such an amount of damages as you

may believe from the evidence and under the instructions of the court will compensate her and her children for the pecuniary loss, if any, as shown by the evidence, which she and they may have suffered on account of the death of her husband.''

This instruction also ignores the question of assumed risk, and directs a verdict for the plaintiff if the jury believe from a preponderance of the evidence that the plaintiff has proven the averments of her declaration. This instruction violates the rule that where the instruction directs a verdict upon the proof of certain facts, the instruction must be accurate and contain all of the essentials necessary to be maintained by the plaintiff in order to entitle her to a verdict. The error in giving this instruction was not cured, and could not be cured by the giving of any other instruction. Krieger v. A. E. & C. R. R., 242 Ill. 544; Ill. Terra Cotta etc. Co. v. Hanley, 214 Ill. 243; I. C. R. R. v. Smith, 208 Ill. 608; Cromer v. B. C. Co., 246 Ill. 451.

The giving of these instructions was such error as to require a reversal of this cause; and the judgment is reversed and the cause remanded.

*Reversed and remanded.*