ROY M. GARFIELD vs. THE HARTFORD AND SPRINGFIELD STREET RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action to recover damages for an injury to the plaintiff's automobile from a collision at night with one of the defendant's trolley poles, the complaint alleged negligence upon the part of the defendant in the location of the pole, in the manipulation of a powerful search-light on its car, in its failure to stop the car and give the plaintiff an opportunity to get off the track in safety, and in running the car at a dangerous and unlawful rate of speed. *Held* that an instruction, requested by the defendant, which sought to make the case turn solely upon the sufficiency of the proof offered by the plaintiff as to the rate of speed at which the car was approaching, and its materiality in producing the accident, was misleading and properly refused; that the situation of the parties was a complicated one; and the rights and duties of each were to be measured by treating it as a whole and not in fragments.

A street-car may be running at a dangerous and excessive speed in view of peculiar conditions, although under ordinary circumstances that speed might be deemed quite moderate.

A fact may be of material support to a cause of action and yet its proof may not be essential to a recovery.

Argued October 2d—decided October 22d, 1907.

ACTION for damages, reported in 79 Conn. 458. After the remand to the Superior Court, the amendment previously disallowed was allowed, and the cause tried on issues of fact to the jury before *George W. Wheeler, J.;* verdict and judgment for plaintiff. *No error.*

*Charles E. Perkins* and *Ralph O. Wells,* for the appellant (defendant).

*Frank B. Hall* of Worcester, Massachusetts, and *Andrew J. Broughel*, for the appellee (plaintiff).

BALDWIN, C. J.   When this cause was formerly before us, we decided that the complaint with the proposed amendment would be sufficient to support a judgment for the plaintiff.   We had no occasion, and have none now, to decide whether it would be sufficient without the amendment.

The plaintiff offered evidence at the trial that when he turned his automobile toward the west side of the highway, the car, which when he first saw it had been coming toward him at the rate of twelve miles an hour, was moving at the rate of twenty miles an hour and bore a search-light so powerful that his vision was completely obscured.   The defendant offered evidence that the car was brought to a full stop about three hundred feet from the place where the trolley pole was set, in order to allow the automobile to pass, as the motorman perceived that the plaintiff was embarrassed by the brilliancy of the search-light; that had the light been turned off the accident would not have occurred; and that when it did occur the car was proceeding at the rate of but three miles an hour.

The defendant requested the court to instruct the jury that they must return a verdict in its favor, if the car was not running at an unusual and excessive rate of speed just before the accident; or if, though so running, such rate of speed was not a material element in causing the accident; and that the plaintiff had the burden of proving by a fair preponderance of evidence that, if it was so running, the speed was so great and unreasonable as to make it such a material element.

The court, on these points, charged the jury that, if they found that the car, when approaching the point where the trolley pole was set, was running at the rate claimed by the plaintiff, it would be for them to determine whether its speed was or was not excessive; that they were the judges of what was the proper speed under all the attending cir-

cumstances; that it was for them also to decide whether the actual speed maintained was material in its bearing on the proof of negligence; and that the plaintiff was bound to establish by a fair preponderance of evidence that the defendant was negligent substantially as alleged in the complaint.

This charge was correct. The defendant, by its requests, sought to make the case turn wholly, as matter of law, on the sufficiency of the proof offered by the plaintiff that the car approached his automobile at a great and unreasonable rate of speed and that this was a material element in producing the accident. The plaintiff claimed that the collision of his automobile with the trolley pole was due to the negligence of the defendant in the management of its car, and in the location of the pole. This negligence was evinced, according to his complaint, by failure to keep a proper lookout, and to stop the car so as to give him an opportunity to get his automobile to a place of safety, and to control or shut off the search-light or to substitute one less powerful; by placing the pole too near to the traveled part of the highway; and by running the car at a dangerous and unlawful rate of speed. The rate of speed might have been dangerous and excessive under all the attending circumstances, though it would not be a great, unusual, or excessive rate under ordinary conditions. *Smith* v. *Connecticut Ry. & Ltg. Co., post,* p. 268, 67 Atl. 888. Reasonable care on the part of the defendant might have required the motorman to stop his car, until there had been a reasonable opportunity to get the automobile off the tracks in safety. For the court to center the attention of the jury on the proof made of the maintenance of an unusual rate of speed and its consequences, as necessarily decisive of the cause, would have been misleading. A fact may be a material support of a cause of action, and yet its establishment may not be essential to a recovery. The situation of the parties was a complex one, and the duties of each were to be measured by looking at it as a whole. In relation to the point of the materiality of the rate of speed at which the

car was going as an element of negligence, the charge requested, so far as supported by the law, was substantially given.

There is no error.

In this opinion the judges concurred.