LUCY A. SMITH, ADMINISTRATRIX, *vs.* THE CONNECTI-CUT RAILWAY AND LIGHTING COMPANY.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Negligence is only deemed contributory when it is a proximate cause of the injury: that is, when in a natural sequence, unbroken by any new and intervening cause, it produces the injury, which would not have occurred without it.

Driving across a street-railway track in front of an approaching car under such circumstances as to constitute negligence, does not bar an action for damages against the railway company if the latter by the exercise of ordinary care—in this case by merely refraining from accelerating the speed of the car—could have avoided a collision.

Whether the speed at which a street-car is run is reasonable or not must be determined in view of all the attending circumstances.

A street-railway company has no greater rights in the use of a highway than others, except that, since its cars can move only on fixed tracks, it is incumbent on those driving upon the tracks to make reasonable efforts to keep out of the way of an approaching car.

Argued October 3d—decided October 22d, 1907.

ACTION by the administratrix of the estate of John B. Smith to recover damages for negligence resulting in his death, brought to the Superior Court in Hartford County, defaulted, and heard in damages before *Gager, J.*, who assessed them at $4,000. *No error.*

*William B. Boardman*, for the appellant (defendant).

*James E. Cooper*, with whom were *John H. Kirkham* and *Arthur W. Upson*, for the appellee (plaintiff).

BALDWIN, C. J. The plaintiff's intestate was driving an active long-gaited farm horse in a light wagon on a city street. There was a trolley track on it, so laid that at a point some little distance ahead of him it crossed from the middle to the right hand side of the street. It was necessary that he should cross the track, in order to keep on the proper side of the road, which for him was the right hand side. A trolley car operated by the defendant was behind him, on a down grade. The gong was sounding loud and clear. The power was shut off and the motorman had the car under control by the hand brake. It was running at a speed of from three to five miles an hour. The decedent, when two or three hundred feet from the place where he lost his life, looked back and saw the car approaching, and it was apparent to him that, at the speed at which it was going, there was plenty of time for him to cross the track in front of it, in safety. It must have then been apparent to any one on board the car, who was on the look out, that the decedent was likely to cross the track at any time. The horse was trotting. Shortly after this, without looking again for the car, the intestate turned across the track in a slanting direction, the horse still trotting, but more slowly. When it became apparent from the car that he was about to cross, it was proceeding at the rate of speed before mentioned and was from twenty to twenty-five feet behind the rear end of his wagon. By the use of ordinary care, the motorman could have brought it to a stop before it had gone fifteen feet farther, and before reaching the wagon. He was inexperienced, became confused, and negligently and unskilfully released the brake, which had been partly set, so that the car moved forward more rapidly than before, striking the hind wheel of the wagon, and throwing the intestate out in a manner which resulted in his death.

The trial court found that when the intestate started to cross the track, knowing that a car was coming a short distance behind and without then looking to see how far away the car might be, he ran into a position of danger and was not exercising ordinary care, and that the motorman did not exercise ordinary care in attempting to stop the car after the danger to the intestate became apparent, whereas had such care been exercised, or had the speed of the car not been increased, the accident would not have happened.   These conclusions are supported by the facts specially set forth, as above recited, and justified the award of substantial damages.

Negligence is only deemed contributory when it is a proximate cause of the injury.   That only is a proximate cause of an event, juridically considered, which, in a natural sequence, unbroken by any new and intervening cause, produces that event, and without which that event would not have occurred.   It must be an efficient act of causation separated from its effect by no other act of causation.   If, after an act of omission constituting negligence on the part of one injured at a railroad crossing, the railroad car or cars might have been so controlled, by the exercise of reasonable care and prudence on the part of those in charge of them, as to avoid the injury, then a failure to exercise such care and prudence would be an intervening cause, and so the plaintiff's negligence no longer a proximate cause, and therefore not a bar to his recovery.   *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 408, 429, 12 Sup. Ct. Rep. 679; *Parkinson* v. *Concord Street Railway*, 71 N. H. 28, 51 Atl. 268; *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393, 404–413.

The act of the intestate was a careless one but, had the speed of the car not been subsequently increased, there would have been no collision between the two vehicles. This increase was not intentional, but it was equally deadly.   At a moment when it was apparent that the intestate was about to cross the tracks, and when the car could have readily been stopped, it was allowed by an un-

skilful act of the motorman to shoot ahead with accelerated velocity. This act was the proximate cause of the intestate's death. The negligence of the latter was not; because after he was guilty of that negligence there arose a new and intervening cause for the collision, without which the accident would not have occurred.

The complaint alleges that the defendant negligently ran the car on a steep down grade at an unreasonably high rate of speed and not under proper control. It is contended that the rate of speed proved was so small that it could not be deemed unreasonably high. The reasonableness of the speed at which a car is run is to be measured by the relation of that speed to the particular circumstances under which it is maintained. A speed of twenty miles an hour might not be unreasonable in the open country, where the view is unobstructed and there are no travellers in sight. A speed of three or four miles an hour might be unreasonable in a crowded street, when other vehicles or pedestrians were on the tracks in front, or obviously on the point of crossing them. The proprietor of a street car who runs it over a highway under a franchise from the State, has no greater rights as to the manner of the use of that part of the highway on which the car is run than the proprietor of any other vehicle, except that, since it can move only on fixed tracks, it is incumbent on those also traveling upon them to make reasonable efforts to keep out of the way of an approaching car. *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 489, 37 Atl. 379, 37 L. R. A. 533. The immediate cause of the injury to the intestate was the sudden increase of the speed of the car, due to the release of the brake. This was a change of conditions which he had no reason to anticipate, and it proceeded from a careless act of a servant of the defendant while engaged in the duties of his service.

There is no error.

In this opinion the other judges concurred.