JAMES H. ELLIOTT, ADMINISTRATOR, *vs*. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

To constitute contributory negligence, the carelessness of the plaintiff must have been the proximate cause of his injury. Accordingly, one who heedlessly places himself in a position of danger—in this case upon an unprotected railroad grade-crossing—may nevertheless recover, if it appears that the sole proximate cause of his injury was the negligence of the servants of the defendant in the management of its train after they knew, or by the exercise of reasonable care should have known, of the plaintiff's peril.

The question in such cases always is: whose negligence was the proximate cause of the injury?

While contributory negligence upon the part of the plaintiff does not justify the negligence of the defendant, it does relieve him from liability for its consequences.

The evidence in the present case reviewed and *held* to have been sufficient to warrant its submission to the jury upon the question of the defendant's supervening negligence.

Strictly speaking, there is no finding of facts in a case tried to the jury, and therefore there ought to be little, if any, occasion to apply to this court, under General Statutes, § 797, for a correction of the statement or narrative of the case for the purposes of an appeal. Presumably any error made therein will be readily corrected by the trial judge, to whom application should first be made.

Material alterations of the finding should be seasonably preferred, in justice to the appellee.

Although the matter is one resting within the sound discretion of the trial court, it is desirable in most cases that during the argument of a motion to direct a verdict the jury should withdraw; and if they are permitted to remain, especially after an objection, they should be carefully instructed that the arguments upon such motion are designed solely for the court's information and not for their enlightenment or guidance.

Argued May 3d—decided June 14th, 1910.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and the

loss of his horses and wagon, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Litchfield County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $5,335, and appeal by the defendant. *Error and new trial ordered.*

*Donald T. Warner* and *Joseph F. Berry,* for the appellant (defendant).

*Caleb A. Morse* and *Thomas J. Wall,* for the appellee (plaintiff).

THAYER, J.   The plaintiff's intestate was killed while attempting to drive across the defendant's railroad at a grade-crossing located near its East Litchfield station. The court refused to direct a verdict for the defendant, or to set aside the plaintiff's verdict, as it was requested to do by the defendant, and these refusals constitute two of the assigned errors upon which this appeal is based.   The ground of the motions was that the evidence failed to show that the intestate, Tetro, was free from contributory negligence, but that it showed, on the contrary, that he was guilty of such negligence, in that he did not stop in order to properly use his senses before driving upon the crossing, as reasonable care required that he should do under the peculiar circumstances of the case.

Upon reading the evidence it is difficult to avoid the conclusion that Tetro failed to use reasonable care in approaching and driving upon the crossing; but the plaintiff alleged in his complaint, and claimed upon the trial, that after Tetro was upon the crossing and in peril, the defendant was negligent in failing to properly manage, control and stop its train after it knew or ought to have known of that peril.   The jury were

told, in substance, that if they should find the fact to be as thus claimed, the defendant would be liable unless some negligence of Tetro subsequent to the defendant's knowledge of his peril contributed to his injury. A question for the jury was thus presented whether, entirely apart from Tetro's negligence in getting upon the track, the defendant negligently failed in its duty toward him after it knew or ought to have known of his presence there and his peril. If the charge was correct, and if there was evidence in the case which warranted the charge, a verdict could not properly have been directed for the defendant upon the ground claimed. If the defendant's negligence supervened and caused the collision, Tetro's negligence in driving upon the track would be too remote to constitute contributory negligence. Baldwin on American Railroad Law, 425; *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888. The motion to direct a verdict for the defendant was therefore properly denied.

The motion to set aside the verdict and grant a new trial, based upon the same ground, was properly denied for the same reason; but as no appeal was taken from that refusal the question is not properly here. We decide it because it was argued before us and involves no separate discussion.

The defendant complains that the court instructed the jury that they might find the defendant negligent, on account of the speed of the train over the crossing, provided they found exceptional circumstances; and that they might find the circumstances to be so exceptional as to require more than the statutory signals to be given. An examination of the charge shows that the instructions complained of were in effect the same as those given with respect to the defendant's liability for supervening negligence already referred to, namely, that if the defendant's engineer knew or ought to have

known of Tetro's peril, then, if reasonable care required that something more than the statutory signal should be given, the defendant was bound to give it, and that if a reasonably prudent man would have slowed down, then the defendant's engineer should have done so. These were the exceptional circumstances referred to, and it was left for the jury to find whether they existed or not. The jury were correctly told that negligence cannot ordinarily be inferred from speed alone, and that under ordinary circumstances only the statutory sig-·nals are required. So far as appears from the finding, no claim was made that there were any exceptional circumstances in the physical situation at the crossing, and nothing in the charge suggested to the jury that they might so find. The exceptional circumstances which were claimed by the plaintiff and referred to by the court as making the ordinary speed dangerous at the crossing and as calling for other than the statutory warning, were the presence and peril of Tetro thereat. This part of the charge may therefore be considered in connection with the part already referred to, as its correctness depends upon the same considerations. If that part of the charge was correct, this part is not erroneous.

The correctness of the court's charge upon the question of the defendant's supervening negligence, above mentioned, is not questioned so far as it states the duty of the defendant after it had actual knowledge of the intestate's peril. In this respect it is in accordance with the established law in this State. *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 67 Atl. 888. So far as it imposed the same duty upon the defendant before it had such knowledge, the charge is claimed to be erroneous. The charge was that if the defendant knew "or ought to have known" of the peril, it was its duty to do all that a reasonably prudent person would

have done to avoid the accident.  There are in this
State no decisions precisely in point which support the
charge in fixing upon a defendant who has no knowl-
edge of a peril which a plaintiff has negligently brought
upon himself the duty of doing what a reasonably pru-
dent man with knowledge of the peril would do to avert
it.  The decisions of other States where the precise
question has been raised are not in harmony.  In
*Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn.
601, 610, 71 Atl. 901, a case similar to this, a similar
charge was given, and we said that it was proper; but ·
in that case the verdict was for the defendant, the
charge upon the point now before us was favorable to
the plaintiff, and its correctness was not questioned by
him on his appeal.  The expression of the court that
the charge was proper is not necessarily conclusive of
the question now raised.

The rule of duty laid down in the charge is the one.
which is universally applied where the plaintiff's peril
has not been caused by his own negligence.  In such
cases the defendant is chargeable not only with the
knowledge which he actually had, but with that which
he ought to have had (which means that which with
reasonable care on his part he would have had), of the
plaintiff's situation.  No question as to the correctness
of the charge can be raised where there is not the ques-
tion of contributory negligence.  But how does the fact
that there may have been contributory negligence af-
fect the question?  When the plaintiff brings his action,
he is bound to know that he cannot recover if he was
guilty of negligence which was the proximate cause of
his injury.  The trial proceeds.  In the evidence it
appears that he was injured while upon a railroad
crossing, and that the defendant, although it knew of
his peril, or would have known it had it exercised due
care, negligently ran its train upon him when it had the

means and the opportunity to stop the train and avoid the injury. The defendant claims that the facts show that the plaintiff did not use due care, but was negligent in going upon its track, and that this was a proximate cause of his injury. The plaintiff claims that his negligence was before, and had ceased at the time when the defendant saw or should have seen his peril. The jury are to decide, under the evidence and claims, whether the plaintiff was free from negligence which was a proximate cause of the injury. If they find that he was negligent in going upon the track, but that such negligence was not a proximate cause of the injury, and that there was no subsequent negligence on his part essentially contributing to it, he may recover if the jury also find that the defendant's negligence was the proximate cause of it. Had the jury found that the plaintiff's negligence in going upon the track, or his subsequent negligence, was a proximate cause of his injury, that negligence would have been called contributory negligence. But the fact that the plaintiff's negligence may be "contributory" under certain circumstances, or that there is a doctrine of contributory negligence, has no bearing upon the question of a defendant's legal duty toward him. The question always is, whose negligence was the proximate cause of the injury? The legal duty of each party is fixed, and the rules of evidence are fixed in all cases. When the evidence is all in it is weighed, and the fact determined whether either or both of the parties were guilty of negligence which was a proximate cause of the injury. There is no case in which it can be said that the defendant owed the plaintiff a different duty because the latter was guilty of contributory negligence. Contributory negligence, supervening negligence, and the doctrine of "last clear chance," have no bearing upon the question of the duty of the parties toward

each other. They have, however, an important bearing upon the rights and liabilities of the parties after an injury has been inflicted. It is the duty of a person to use due care not to injure another. Contributory negligence does not justify the nonperformance of this duty, it only relieves from the liability to pay for its consequences. The defendant neglects this duty at his peril. When the evidence is in, if the questions of contributory negligence, supervening negligence, or last clear chance, have been raised, the court is required to explain the duty owed by the parties to each other, and their rights and liabilities under such states of fact as to the negligence of the respective parties, as the evidence may warrant them in finding. It cannot say to them that the defendant's duty was different if they find contributory negligence on the part of the plaintiff, but it must tell them how such negligence would affect the defendant's liability for damages. The question may be a nice one for the jury to determine in a railway-crossing accident, whether the negligence of a plaintiff which placed him in a position of peril continued until the injury was received, so as to be a proximate cause of the accident; but it is a question for them, nevertheless. We think that the defendant's duty to avoid the collision arose when, by the use of due care, it would have known of the intestate's peril, and was not postponed until it had actual knowledge, and that there was no error in the charge as given.

It is claimed that even if the charge were correct in the statement of the law, it was improperly given to the jury because there was no evidence from which the jury could find that the collision could have been avoided after the defendant knew or ought to have known of Tetro's peril. If there was no evidence to support a verdict upon this ground, it should not have been submitted to the jury; but the record shows that

there was evidence, and, we think, sufficient evidence, to warrant the submission of the question to the jury. At what point Tetro, as he approached the crossing, could have been seen by the engineer and fireman on the train, at what point his danger would have been apparent to them, within what distance the train could be stopped, what appliances it had for stopping it, whether these were used and properly used, and within what distance the train in fact stopped, were all facts concerning which there was evidence, and from which, when found, inferences could properly be drawn by them as to the possibility of avoiding the collision by the use of due care after the engineer was or ought to have been aware of the danger. There was no error in submitting it to them.

The defendant's requests to charge raised substantially the same questions which are raised by the exceptions to the charge and to the refusal to direct a verdict. In effect they requested that the jury be told to find for the defendant. They were properly refused.

An application to correct the finding is attempted to be made under General Statutes, § 797. Several paragraphs of the finding are claimed to have been found without evidence, as appears by the defendant's brief and proposed amendment to its reasons of appeal. In a case tried to the jury, the finding does not purport to be a finding of facts by the court from the evidence. It does not establish any of these facts. Practice Book (1908) p. 267, § 6. It is simply a statement of the facts which the parties claimed had been proved, with their claims thereon, and the rulings and charge of the court, made with sufficient fullness to present the questions sought to be raised by the appeal. If the finding erroneously states that evidence was offered to prove a fact where in truth no such evidence was offered, it would seem that a correction might be readily ob-

tained by applying to the trial court for a correction. This does not appear to have been done in the present case. Counsel would hardly differ as to what the evidence was, and if they should, a means would be at hand in the stenographer's notes, to ascertain the truth. There ought to be no occasion in a jury case to proceed under § 797 to obtain a correction. The defendant's claims for correction are not stated in its assignments of error, but are found in a proposed amendment thereto and in its brief. The original printed record, therefore, gives no notice of the corrections which are claimed. These corrections were apparently not requested of the trial court, nor was notice thereof given to the appellee until shortly before the opening of the term, and, since they work substantial alterations in the finding as printed, they ought not now to be allowed. No change, therefore, has been made in the finding.

The court refused the defendant's request that the jury be dismissed while the motion to direct a verdict was being argued, and this refusal is made the ground of one of the defendant's assignments of error. We understand that it has been the custom in this State in such cases, and in cases where a motion for a nonsuit is to be argued, to excuse the jury from attendance while such argument proceeds. It is proper in all cases, and desirable in most, to do so. This course affords counsel an opportunity to admit, for the purposes of the argument, facts which, if the case goes to the jury, he will seriously controvert, but which, if admitted by him in the presence of the jury, might set their minds against, and thus work injury to, his cause. Time will generally be saved, and a fairer trial be had, by excusing the jury in such cases. But the ground of the motion, or the nature of the case, may be such that no harm would result, and time might be saved by allowing the jury to remain in their seats during the

argument. It is a matter within the sound discretion of the court.

The court in its charge, after cautioning the jury against drawing any conclusion as to the court's opinion of the merits of the case because of its denial of the motion to direct a verdict, called their attention to the fact that they had been permitted to hear the arguments upon that motion, and then said to them: "Such arguments made at the conclusion of a case to the court are quite apt to be, in their treatment of the facts, fairer in their statement, more direct in application, freer from heat and prejudice than the arguments addressed to the jury on the merits; and it is of the utmost advantage to the jury to hear such arguments and have the opportunity to secure further light and instruction, and longer to sift, weigh, and balance. The arguments addressed to the court in your hearing were designed to inform and instruct you, and I have no doubt that you are better equipped for your duty for having heard them."

The jury were thus invited, in arriving at their conclusions as to questions of fact, to consider what had been said in the arguments which had been addressed to the court upon questions of law. They must have been led to believe, from the language of the court, that they should rely upon these arguments rather than upon those which had been addressed to themselves, for they were told that such arguments were apt to be fairer in their statements of fact and more direct in their application than arguments which were addressed to a jury. Arguments addressed to the court are, or should be, designed for the information and instruction of the court, and not for the instruction of the jury. They can hardly be of great advantage to a jury in determining the questions of fact. The tendency of the instruction was to mislead the jury into taking any

admission made in the course of the argument upon the motion as a fair statement of the fact, and to thus ignore the evidence and the claims made as to the conclusions to be drawn from it in the later argument to the jury. The instruction was wrong, and we think necessarily harmful to the defendant. Since the jury were permitted to remain in their seats during the argument against the defendant's request, it was due to it that they be carefully instructed that the arguments to which they listened were designed for the court's information and not for theirs. The defendant's exception to this part of the charge is sustained.

There is error and a new trial is ordered.

In this opinion the other judges concurred.