WILLIAM FARRINGTON *vs.* ENOCH CHEPONIS ET AL.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A statement or finding detailing the rulings and holdings of the trial
court is essential for their proper presentation to this court on ap-
peal.

In order to review the propriety of the action of the trial court in di-
recting a verdict, nothing further is required on appeal than a
certification of all the evidence and rulings, or a finding in which
they are incorporated by reference to an annexed exhibit. Occa-
sionally it may be possible to make an adequate presentation of
the question by a summary of the evidence, or by summarizing
a portion of it and certifying the rest; but this briefer method can
be substituted only by agreement of all the parties and the ap-
proval of the trial judge, in which event the agreed summary
should be embodied in the finding. In no event, however, should
an appellant attempt to follow both methods in one appeal.

Upon an appeal from the action of the trial court in directing a verdict,
the question presented for review is whether or not the jury, as
reasonable men informed as to the law governing the facts in issue,
could have reached any other conclusion than that embodied in
the verdict directed.

In a case tried to the jury the presiding judge cannot, strictly speaking,
make a finding as to disputed matters, but only as to what the
respective parties offered evidence to prove and claimed to have
proved.

VOL. LXXXIV—1 (1)

In an action to recover damages for personal injuries sustained in a collision while coasting in a highway, alleged to have been caused by the negligence of a servant of the defendants in the management of their horse and wagon, the trial court directed a verdict for the defendants, and, having refused to certify the evidence, made a finding of facts, the first paragraph of which was that "the plaintiff offered evidence to prove and claimed to have proved all the allegations of the complaint." *Held* that this statement must be interpreted and accepted as meaning that the evidence introduced in support of the plaintiff's case was worthy of being considered and weighed by the jury, and upon which they might as reasonable men base conclusions; and this being so, the direction of a verdict for the defendants could not be justified.

Notwithstanding the refusal of the trial court to report the evidence, a copy of it, duly certified, appeared in the record. *Held* that even if this certified transcript were to be treated as a substitute for the summary statement contained in paragraph one of the finding, and given its full effect, it would still appear that the direction of a verdict was erroneous, since it set forth sufficient evidence upon the part of the plaintiff to warrant the jury in passing upon it.

Where the evidence is conflicting, it is for the jury to determine whether the proximate cause of the plaintiff's injury was his carelessness, or the defendant's failure in not taking due care to avoid a collision after he became aware, or by the exercise of reasonable care should have become aware, of the plaintiff's peril.

The fact that the plaintiff was injured while coasting in a highway in violation of a city ordinance, does not necessarily and as matter of law preclude him from recovering damages from a defendant whose negligence is alleged to have caused the injury. To have that effect it must also appear that such violation, and not the supervening negligence of the defendant, was the proximate cause of the injury.

Negligence is a failure to conform one's conduct to the required standard of duty, whether that standard be the common-law requirement to exercise reasonable care under the circumstances, or a standard specifically prescribed by legislative authority.

While the trial court may disregard written requests to charge which are not filed before the beginning of the argument, it is not bound to do so, but has power to receive them later at its discretion.

Argued October 27th, 1910—decided January 6th, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* at the conclu-

sion of all the evidence the trial court directed a verdict for the defendants, from the judgment on which the plaintiff appealed. *Error and new trial ordered.*

The plaintiff claimed to have received personal injuries, while coasting in the highway, by reason of the negligence of the defendants' servant, acting in the discharge of his duties in driving the defendants' horse attached to a wagon in such manner as to cause a collision.

*John H. Cassidy,* for the appellant (plaintiff).

*Charles G. Root,* for the appellees (defendants).

PRENTICE, J. The court having directed a verdict for the defendants, the plaintiff desired to appeal to this court for a review of the propriety of that action, as also of the action of the trial judge in respect to three other matters, to wit: (1) his ruling that he was not disqualified; (2) his rulings excluding testimony offered on behalf of the plaintiff; and (3) his ruling that he was without the power to exercise his discretion to receive from plaintiff's counsel, after the arguments had proceeded for about twenty minutes, requests to charge the jury.

The proceedings which have been resorted to to secure this review are singularly involved and complicated, and indicate a mistaken notion on the part of counsel, and possibly of the court also, as to the course to be pursued under such conditions, and as to the relation to each other of the various statutory provisions regulating appeal procedure. For this reason, and that the bar may not remain in doubt as to the proper action to be taken under certain conditions, we are prompted to give a fuller consideration to certain phases of the proceedings here taken than would ordinarily be necessary.

For the presentation of the questions involved in the several rulings enumerated above, a finding detailing the action of the court was necessary. *Summa* v. *Dereskiawicz,* 82 Conn. 547, 548, 549, 74 Atl. 906; *Dennison* v. *Waterville Cutlery Co.,* 80 Conn. 596, 598, 69 Atl. 1022. For the purposes of the appeal as related to the direction of a verdict, nothing further was necessary than a certification of all the evidence and rulings as provided in § 805 of the General Statutes, or a finding which, by reference to an annexed exhibit, stated such evidence and rulings. Ordinarily no finding which it is competent for a trial judge to make in a jury cause would present for our intelligent examination the question which we are called upon to determine in such cases, which is whether or not reasonable men, informed as to the law governing the facts in issue, could come to a conclusion other than that embodied in the verdict directed. *Powers* v. *Connecticut Co.,* 82 Conn. 665, 670, 74 Atl. 931; *Fay* v. *Hartford & Springfield Street Ry. Co.,* 81 Conn. 578, 579, 71 Atl. 734. In a case where the trial has been to a jury, the presiding judge cannot, as to disputed matters, make a finding of what has been proven, as in a court case. He can only find what the parties have offered evidence to prove, and claimed to have proved. Such is the form of findings in jury cases. Practice Book (1908), p. 272. For obvious reasons such a finding will ordinarily be wholly inadequate for this court's guidance in the determination of the issue before it, where the question is as to the propriety of a direction of a verdict. In occasional cases a situation may be presented where a summary of the evidence would suffice. Sometimes, perhaps, it would be feasible to summarize that relating to portions of the case, and certify to us that bearing upon the remaining matters. In recognition of this fact we said in *Powers* v. *Connecticut Co.,* 82

Conn. 665, 670, 74 Atl. 931, that such a summary might, if the parties preferred that course, be sent to this court in lieu of the extended transcript. It is apparent that those cases will be exceptional in which a summary of the whole evidence will suffice, and that they will be confined to those in which the evidence is neither conflicting nor doubtful in its purport. It is also obvious that such a method, whether involving the whole evidence or portions of it, may not properly be resorted to by the court without the consent of the parties, as was indicated in the opinion last cited. They are each entitled to the benefit of our examination of the testimony as presented. It is competent for them, however, to consent to the briefer alternative method, if satisfied, as they might be in a given case, that their interests would thereby be protected. In such case the proper procedure is for counsel to present to the judge an agreed summary, with a request to incorporate the same in his finding. If approved by him, he may so incorporate it. Otherwise the ordinary course must be pursued, and the entire evidence and rulings reported to this court. In this way complications and all necessity for corrections of the finding will be avoided.

In the present case the plaintiff gave his notice of appeal, and presented his request for a finding together with a draft of proposed finding. This draft-finding properly embodied statements setting out the several rulings complained of. It also contained a statement at length of the facts which the plaintiff had offered evidence to prove and claimed to have proved. This, in view of the nature of the evidence, was mistakenly included, since the evidence was such that no summary of it could fairly present the situation before the court for our intelligent review. If counsel, in including this recital, were actuated by the notion that it was a nec-

essary or proper incident to a report of the evidence and rulings in their entirety, they were laboring under a mistake as to the correct mode of procedure. If, on the other hand, they were endeavoring to spread upon the record both the evidence and a summary of it, they were improperly pursuing two independent courses which did not consist with each other.

The court, acting upon the assumption either that the parties by their course of action had consented to the incorporation in the record of a summary, or that it was competent for it to do so without such consent, made and filed a finding which contained what must be regarded as a summary, and did not report or certify to us the evidence itself. The summary was condensed into the single statement, forming the first paragraph of the finding, that "the plaintiff offered evidence to prove and claimed to have proved all the allegations of the complaint."

This statement as to the character of the plaintiff's evidence is one which must, of course, be interpreted and accepted as meaning that evidence was offered supporting the allegations which was worthy of being considered and weighed by the jury, and upon which they might as reasonable men found conclusions. This being so, the plaintiff might well have rested upon the finding, for in the situation thus outlined, the direction of a verdict for the defendants could not be justified. The complaint unquestionably stated a good cause of action for a personal injury caused by the defendants' negligence. Its allegations included one that the plaintiff's hurt was caused by the defendants' negligence set out, and one that the plaintiff did not by his own acts contribute thereto.

The defendants have signified their acquiescence in the court's action and summary by taking no steps to secure a change in the finding. The plaintiff took such

steps. We have no occasion to follow the protracted and somewhat involved proceedings which attended them. The net result was, as far as the record discloses, a failure to secure a modification of the finding, and, for reasons of procedure, a refusal by the trial judge to incorporate the evidence and rulings in the record or to certify them to this court. There is no need to inquire whether or not the plaintiff was technically injured by this result, since he surely was not harmed by it.

Notwithstanding the refusal of the court to report to us the evidence and rulings, we find in the record what the trial judge certifies to be all the evidence in the case. How it comes to have a place there, or upon whose initiative it obtained that place, or what purpose it was intended to serve, does not appear. It is, perhaps, a matter of no practical moment what the fact as to these matters is. We may give the certified transcript the fullest effect which it could have under any circumstances, that is, treat it as properly before us as a substitute for the summary statement of paragraph one of the finding, and yet the conclusion which must be drawn from that summary, that the verdict was not properly directed, would not be disturbed.

A perusal of the testimony contained in the transcript discloses sufficient evidence to go to the jury upon the question of the defendants' negligence through the medium of that of their agent in the discharge of his duties. The direction was doubtless based upon the court's view that the plaintiff had failed to establish the absence of contributory negligence. It is quite apparent that in reaching this conclusion it must have been influenced by a failure to appreciate what contributory negligence in its legal sense, as defined by us in *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 76 Atl. 298, since decided, signifies. It might

well be that the plaintiff's conduct was negligent, and yet that that negligence was not the proximate cause of the injury received, by reason of the supervening negligence of the defendants. *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888; *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 76 Atl. 298. The situation presented upon the evidence in this case is one which presents a fair question for the jury as to whether the plaintiff's conduct, assuming it to have been primarily negligent, was in the true legal sense contributory to the accident as being a proximate cause of it, or whether the proximate cause in the proper sense of that term was not the conduct of the defendants' driver in not exercising due care to avoid a collision after he became aware, or in the exercise of due care would have become aware, of the plaintiff's peril. *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 76 Atl. 298.

The fact that there was a city ordinance forbidding and punishing coasting in the highway in question is not one which would of itself bar the plaintiff's recovery. It must also appear that his violation of it was a proximate cause of the injuries he sustained. *Broschart* v. *Tuttle*, 59 Conn. 1, 20, 21 Atl. 925; *Case* v. *Clark*, 83 Conn. 183, 192, 76 Atl. 518; *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 76 Atl. 298. In determining this question the same considerations control as in the case of negligence on the part of the injured party in failing to exercise due care, and the doctrine of supervening negligence is equally applicable. The failure to conform one's conduct to a standard of duty prescribed by legislative authority, or to conform it to the common-law requirement to exercise reasonable care under the circumstances, constitutes negligence, and it makes no essential difference in law whether it arises from the one source or

the other. *Sharkey* v. *Skilton*, 83 Conn. 503, 77 Atl. 950.

Other questions presented by the appeal do not call for consideration, except that we ought perhaps to observe that the court was in error in holding that it was powerless to receive, in the exercise of its discretion, counsel's request to charge the jury after he had begun his argument. The rule which governs this matter did not deprive it of that power, if it chose to exercise it. Rules of the Superior Court, § 114 (Practice Book, 1908, p. 235).

There is error and a new trial is ordered.

In this opinion the other judges concurred.