## Robert A. Collins, Defendant in Error, v. Leonard McMullin, Plaintiff in Error.

1. AUTOMOBILES AND GARAGES—*leaving standing on side of street not negligence.* The mere act of leaving an automobile standing on the proper side of a public road cannot be regarded as negligence.

2. AUTOMOBILES AND GARAGES—*duty to keep lookout for other cars.* All parties operating automobiles should, in the exercise of. ordinary care, be on the lookout for other cars either moving or standing in the highway.

3. AUTOMOBILES AND GARAGES—*collision with another car standing at curb as negligence.* Where an automobile was standing at the right margin of a road and one who was approaching it in another car saw, or by the exercise of ordinary care and caution could have seen it in time to have turned aside and did not do so but collided with it, he was guilty of actionable negligence.

4. NEGLIGENCE—*restriction on application of last clear chance rule.* The last clear chance doctrine is applicable only in connection with the contributory negligence rule.

5. AUTOMOBILES—*failure to have tail light on standing car as negligence.* If no tail light was left burning on an automobile standing at the side of a roadway and the conditions were such that because of the absence of such tail light, the driver of another car did not see it in time to avoid a collision, the negligence in not leaving such light burning was concurrent with the negligence of the driver of the other car and contributory in causing the collision.

6. INSTRUCTIONS—*objectionable as inapplicable to facts.* Where defendant's evidence tended to show that at the time he collided with plaintiff's car which was left standing at the side of the road it was dark and the air was laden with dust, an instruction which, in effect, told the jury that if plaintiff's daughter left his car standing in plain view of persons approaching it on the road and defendant thereafter drove his car along the road and in the exercise of due care would have seen plaintiff's automobile standing there, etc., was erroneous in that it made the plain view proposition applicable

to the time the car was left standing instead of the time of the collision.

7. INSTRUCTIONS—*objectionable as inapplicable to issues.* In an action for damages resulting to plaintiff's automobile from a collision of defendant's automobile therewith, an instruction that if the jury believed from a preponderance of the evidence that defendant did not use due care but drove his car negligently and as a result struck and injured plaintiff's automobile, they should find defendant guilty though plaintiff's daughter was negligent in failing to leave the lights of the car burning when she left it at the side of the roadway, was erroneous in that it did not confine the negligence to that alleged in the declaration and in eliminating the negligence of plaintiff's daughter in leaving the car unlighted.

Error to the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

MILLER & PATTERSON, for plaintiff in error.

J. L. McLAUGHLIN, EDWARD C. CRAIG, DONALD B. CRAIG, ELLIOTT BILLMAN and FRED H. KELLY, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a suit brought by the appellee, Robert A. Collins, in the circuit court of Moultrie county, to recover damages from the appellant, Leonard McMullin, the appellee, alleging that the appellant was negligent in running his car on a public road, in consequence of which, it collided with the appellee's automobile and caused the destruction thereof. The collision occurred on June 8, 1919, about 11 o'clock in the nighttime, and about half a mile south of the Town of Lovington. There was a trial by jury, which resulted in a verdict in favor of the appellee for $925. Judgment was rendered upon the verdict, and this appeal is prosecuted from the judgment.

One of the contentions in this controversy concerns the applicability of the so-called doctrine of the "last

clear chance." The appellant asserts that the averments in the additional count of the declaration, which purports to be based upon the doctrine referred to, do not state a cause of action. These averments, after reciting the fact that plaintiff's car was left standing on the right side of the public highway toward the west edge thereof, are as follows: "That the defendant McMullin was thereafter proceeding from the north to the south along said public road, and although the public road was wide, to wit, sixty (60) feet in width, and there was ample room for the said Leonard McMullin to have passed the plaintiff's automobile without collision, and although said car of the plaintiff was standing in plain view, and the said Leonard McMullin, by the exercise of ordinary care and caution, could have seen the same in ample time to have turned to the left, and passed around said car of the plaintiff, and the said Leonard McMullin had a clear chance to avoid any collision whatever, or any injury to said car, by turning to the left around said car, yet the said defendant, Leonard McMullin, instead of turning to the left and passing the plaintiff's automobile then and there standing on the right side of said public road, so carelessly and negligently managed and drove the said Oakland automobile, that the said Oakland automobile, so driven by said Leonard McMullin as aforesaid, struck and collided with the plaintiff's automobile."

If the appellee's automobile was standing on the public road on the right side of the road, and in plain view, as averred in the additional count, and the appellant by the exercise of ordinary care and caution, under the conditions which prevailed there, could have seen the appellee's car in ample time to have turned aside, and passed around the car, he would under those circumstances have had a clear chance to avoid collision with appellee's car. The mere act of leaving an automobile standing on the proper side of

a public road, however, cannot be regarded as negligence; it is a matter of common knowledge that it is not an infrequent occurrence to see an automobile standing in the public road; sometimes this occurs on account of an accidental break in machinery, or a defect in the mechanism peculiar to the car, or because of a puncture in a tire, or because the car has run out of gasoline. Persons operating cars often have no choice about leaving a car standing in the road, until a remedy for the mishap is found. The rights of persons operating cars upon the public highways are coequal; and it seems apparent that all parties operating cars in the exercise of ordinary care, should be on the lookout for other cars either moving or standing in the highway. It is a reciprocal duty to exercise reasonable care to avoid collisions. *Johnson v. Cocy,* 237 Ill. 88; *Kessler v. Washburn,* 157 Ill. App. 532. If the appellee's automobile was standing in the road under the circumstances recited in the additional count, that is to say, in plain view of the appellant and the appellant saw the car, or by the exercise of ordinary care and caution could have seen it in ample time to have turned aside without injuring it, as alleged in the additional count, and did not do so, the appellant would be guilty of actionable negligence.

The appellant contends that the doctrine of a "fair last chance" implies, that the appellant must have had actual knowledge of the presence of appellee's car in the road, and that he cannot be held liable on proof that he ought to have known that the car was there. Thompson, in his commentaries on the law of negligence [vol. 1, ¶ 232], states the underlying principle governing the application of "last clear chance" to be as follows:

"The sound principle then is, that the defense of contributory negligence is not available where the defendant was guilty of a negligent act or omission subsequently to the time when he ought to have known

that the negligence of the plaintiff or of the person injured had created a position of peril.''

The doctrine is lucidly discussed and clearly stated in *Nehring v. Connecticut Co.*, 86 Conn. 109, where the Supreme Court has this to say concerning the matter:

''The notion appears to be more or less prevalent that this so-called doctrine is a discovery of recent years, that it embodies a new legal principle, and that this principle is one which invades the domain formerly assigned to contributory negligence, and sets limitations upon the operation of this latter doctrine so long and so deeply imbedded in English and American jurisprudence. This is by no means true as respects either the age or the character and scope of the principle which it embodies. The names by which it has come to be known are indeed of recent origin, and perhaps its present vogue and the misconception which prevails as to its true place in the law of negligence are due in part to its thus being given an independent status in the terminology of the law. In fact, the principle is no modern discovery. It runs back to the famous 'Donkey Case' of *Davies v. Mann*, 10 Mees. & W. 546, decided in 1842. It was distinctly recognized by this court in 1858 in *Isbell v. New York & N. H. R. Co.*, 27 Conn. 393, 71 Am. Dec. 78. It was then not only recognized, but its true place in the law was assigned to it. It was shown to be no independent principle operating by the side of, and possibly overstepping the bounds of, other principles, but merely a logical and inevitable corollary of the long-accepted doctrine of actionable negligence as affected by contributory negligence. The definition of its place, which was made in the clear-cut language of Judge Ellsworth, inexorably forbade that it could by possibility run counter in its application to the contributory negligence rule. This fundamental principle we have steadily adhered to. *Smith v. Connecticut Ry. & Lighting Co.*, 80 Conn. 268, 270, 67 Atl. 888, 17 L. R. A. (N. S.) 707; *Elliott v. New York, N. H. & H. R. Co.*, 83 Conn. 320, 322, 76 Atl. 298; Id. 84 Conn. 444, 447, 80 Atl. 283. * * *

''The contributory negligence rule has no practical

application save in cases where the defendant has been guilty of actionable negligence. It proceeds upon the theory that whenever a person injured has contributed essentially to his injury by his own negligent conduct, the law will not give him redress, even against another who may have been directly instrumental in producing the result. To furnish a basis for its application there must have been a concurrence of negligent conduct. This negligent conduct, furthermore, must have been of such a character and so related to the result as to entitle it to be considered an efficient or proximate cause of it. If there is a failure to use due care on the part of either party at such a time, in such a way or in such a relation to the result that it cannot fairly be regarded as an efficient or proximate cause, the law will take no note of it. *Causa proxima, non remota, spectatur.*

"It thus logically follows that, although a plaintiff may have failed to exercise reasonable care * * * which cannot be fairly said to have been the proximate cause of the injuries of which he complains, the contributory negligence rule cannot be invoked against him. The question with respect to negligent conduct on the part of a person injured through the negligence of another, as affecting the former's right to recover, thus becomes resolved in every case into one as to whether or not that conduct of his was a proximate cause of the injury. If it was, then the contributory negligence rule is applicable, and the plaintiff will by its operation be barred from recovery. If it was not, that rule has no pertinence to the situation, since there was no concurrence of negligence, without which there can be no contributory negligence in the legal sense."

While the doctrine referred to has not been directly passed upon by our Supreme Court, the principles upon which it is based have been repeatedly applied in a number of cases. In *Chicago West Division Ry. Co. v. Ryan*, 131 Ill. 474, which was a case where an infant, not quite 17 months old, was struck and knocked down by one of the street cars of the appellant in that case, and it was contended, as a matter of defense, that the

parents of the child, or the custodian in whose charge they had placed him, failed to exercise reasonable and ordinary care for his safety.   The court held:

"It is assigned as error that none of the instructions given for the plaintiff required the jury to find the exercise of ordinary care by the parents or custodian, and that all the instructions asked by the defendant, which did so require, were refused.   *   *   * Even though the plaintiff had come into such position through the negligence of those having him in charge, the defendant's servant, who had control of the car, was bound to use reasonable care in avoiding an injury to the plaintiff, if he saw or by the exercise of ordinary prudence might have seen plaintiff's peril."

And in the case of *Lake Shore & M. S. Ry. Co. v. Bodemer*, 139 Ill. 596, the court quotes with approval what the Supreme Court of Missouri held in *Harlan v. St. Louis, K. C. & N. Ry. Co.*, 65 Mo. 22, namely:

"When it is said, in cases where plaintiff has been guilty of contributory negligence, that the company is liable, if by the exercise of ordinary care it could have prevented the accident, it is to be understood that it will be so liable if, by the exercise of reasonable care, after a discovery by defendant of the danger in which the injured party stood, the accident could have been prevented, or if the company failed to discover the danger through the recklessness or carelessness of its employees, when in the exercise of ordinary care it would have discovered the danger and averted the calamity."

To the same effect is *Swanson v. Chicago City Ry. Co.*, 242 Ill. 388; *Johnson v. Coey*, 237 Ill. 88; and *Kessler v. Washburn*, 157 Ill. App. 532.

It is contended, however, by the appellant that the parties having charge of appellee's car failed to light the tail light on the car when they left it standing in the road, and that, therefore, there was no tail light burning at the time the appellant approached.  It is also insisted that the place where the car was standing was beclouded with dust, which hid the car from ap-

pellant's view as he approached. These matters were controverted questions of fact in the case. If there was no tail light left burning, under the conditions which are claimed to have prevailed there, and appellant did not on that account see appellee's car in time to avoid collision, the negligence in not having a tail light burning would be concurrent with the alleged negligence of the appellant, and contributory in causing the collision.

Error is assigned on the seventh instruction given for appellee. Taking into consideration what has heretofore been said concerning the doctrine of the "last clear chance," and as distinguished from the elements constituting contributory negligence, and in view of the evidence in the record concerning the particular matters referred to in the instruction, we are of opinion that this instruction is misleading and erroneous. The instruction told the jury that if the appellee's daughter left the automobile in question standing in plain view of persons approaching it on the road, and that the appellant Leonard McMullin thereafter drove an automobile along the road, and in the exercise of due care and caution would have seen the automobile standing there, etc. If we may assume as a matter of fact that when appellee's daughter left the automobile in question it was standing in plain view, then does it necessarily follow that the automobile continued to remain in plain view up to the time when the appellant approached it? In the state of the evidence we think not, although the jury from the wording of the instruction were led to infer this. The automobile was on a country road, in the nighttime, and in the summer time, when the atmosphere is frequently loaded with dust, from travel; and appellant testified that when he approached the car the road was "thick with dust"; other witnesses testified to the same effect. The "plain view" proposition should therefore have been made to apply to the time when the appel-

lant approached instead of the time when the automobile was left by appellee's daughter. This instruction also informed the jury that if they believed from a preponderance of the evidence that the appellant did not use due care and caution in driving his automobile, but drove and managed it negligently and carelessly, and, as a result thereof, struck and injured appellee's automobile, that then even though they might believe from the evidence that appellee's daughter was guilty of negligence in failing to leave the lights of the automobile burning, when she left it, they should find the appellant guilty. This is clearly erroneous in two important particulars. The instruction does not confine the charge of negligence to that averred in the declaration. *Peterson v. Sears, Roebuck & Co.*, 242 Ill. 38; *Flanagan v. Wells Bros. Co.*, 237 Ill. 82; *Chicago & E. I. R. Co. v. Walker*, 137 Ill. App. 428. And the instruction eliminated from the consideration of the jury the effect of any negligence which the jury might find appellee's daughter to have been guilty of, in failing to have the tail light burning, on the question of appellee's right to recover. The failure to have the tail light burning, if it was not burning, may under the circumstances indicated have been negligence contributing to cause the collision. The error in giving the instruction was clearly prejudicial, and therefore reversible. The judgment is reversed and the cause remanded for the reasons stated.

*Reversed and remanded.*