In a trial to the jury, the defendants were convicted of racing. General Statutes § 14-224. They have appealed from their convictions. They assign error in remarks made by the court, in the presence of the jury, on the ground that the remarks were improper and prejudicial.
The defendants in their assignment of error refer to two pages of the transcript. On cross-examination of Trooper Dunbar, the arresting officer, *Page 398 
reference was made by the attorney for the defendants to a written report furnished by the officer to the prosecuting attorney. Trooper Dunbar had not used a report on the stand to refresh his recollection. The court properly held that the report was a confidential communication. The defense attorney then stated that he had been permitted by the prosecutor to see the report and that this was common practice. The court then remarked, "I don't know what right he [the prosecutor] has to violate the confidence of the communication between the police department and the prosecutor's office." The remarks were made in the presence of the jury, the defendant's attorney not having requested that they be excused, although the prosecuting attorney did make the request, which the court denied. It is not proper to conduct an interrogation before the jury on any document not in evidence or that will be withheld from the jury's inspection.Johnson v. Charles William Palomba Co.,114 Conn. 108, 115; State v. Masse, 24 Conn. Sup. 45,58.
"The conduct of the trial must necessarily be left largely to the discretion of the presiding judge, a discretion which in its very nature cannot be made the subject of review . . . except in a clear case of the abuse of that discretion." McKiernan v. Lehmaier,85 Conn. 111, 119; Elliott v. New York, N.H. H.R. Co., 83 Conn. 320, 328. "Prejudice to the unsuccessful party . . . must appear to have occurred before this court will be justified in depriving the successful party of the result of the litigation . . . . Furthermore, assignments of error directed to the conduct or statements of the trial judge will not ordinarily be considered on appeal in the absence of an exception taken at the time."Felix v. Hall-Brooke Sanitarium, 140 Conn. 496,502; Cascella v. Jay James Camera Shop, Inc., *Page 399 147 Conn. 337, 343. "Our construction is in harmony with modern procedural concepts, which regard with disfavor the failure, whether because of mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, the assignment of such errors as grounds of appeal. Such methods amount to trial by ambuscade of the judge." State v. DeGennaro, 147 Conn. 296, 304;McKiernan v. Lehmaier, supra, 118.
We are unable to discern any real probability of harm to the defendants, since the court's remarks did not so exceed the bounds of propriety as to be prejudicial. No objection having been taken at the time the alleged error occurred, the appeals are dismissed.
 There is no error in either case.
In this opinion KOSICKI and GEORGE, JS., concurred.