[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter originated as a small claims complaint in which the plaintiff claimed that the defendant owed her $1,000 because: "Personal property and apparell [sic] — lost as a result of flooding from Unit 18F, directly above my unit, owned by Leonard Maselli of West Haven. Items lost included clothing, shoes, boots, books and tapes." However, the matter was removed to the regular docket of the superior court. The plaintiff proceeded pro se and did not file a substitute complaint.
The defendant did not seek an order that the plaintiff file a substitute complaint. Therefore, the court was at liberty to render judgment on any basis cognizable in law. However, there is no such basis here. CT Page 8273
Unlike a small claims action,[1] in the trial of an action pending on the regular docket of the superior court, the rules of evidence are fully applicable. Elliott v. New York, N. H. H. RCO., 83 Conn. 320, 325, 76 A. 298 (1910). The evidence here establishes that the plaintiff's adult daughter sustained damage to her personal property, which was stored in the plaintiff's condominium unit, as a result of water which came into that unit from the unit above. That unit is owned by the defendant but occupied by a tenant. However, there was no evidence of negligence or any other basis by which the court, on this state of the competent evidence, could fix liability on the defendant. "[N]egligence is based on a breach of duty. If the [defendant] owed no duty to the plaintiff, [he] could not be guilty of negligence." Rosa v. American Oil Co., Inc.,129 Conn. 585, 589 (1943). And, of course, even if there were liability, the plaintiff could not recover for damage caused to the property of another where she has not brought suit in a representative capacity. "A party must recover in the capacity in which [s]he sues." Mowry v. Hawkins, 57 Conn. 453, 458 (1889).
Judgment shall enter for the defendant.
BY THE COURT
Bruce L. LevinJudge of the Superior Court