[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO LIMIT EXPERTS
On October 18, 2002, the plaintiff filed a motion to limit duplicative and redundant experts on the ground that a court may limit the number of expert witnesses as needless presentation of accumulative evidence at trial, and that not to do so will burden the plaintiff with taking multiple expert depositions and the court with repetitive and time consuming expert testimony. On October 31, 2002, the defendant filed a memorandum in Opposition arguing that a determination that expert testimony is cumulative or redundant is a decision that should be made by the trial judge at the time the evidence is presented. On November 1, 2002, the plaintiff filed a reply memorandum. The court denies the plaintiff's motion because the court may not limit a party's number of witnesses prior to trial.
The court's authority before trial to restrict expert testimony derives from Practice Book § 13-4. "Practice Book § 13-4 . . . provides in relevant part: (4) . . . [Amy plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. Each defendant shall disclose the names of his or her experts in like manner within a reasonable time from the date the plaintiff discloses experts, or, if the plaintiff fails to disclose experts, within a reasonable time prior to trial. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ." (Internal quotation marks omitted.) Wagner v. ClarkCT Page 15196-bEquipment Co., Inc., 259 Conn. 114, 122 n. 10, 788 A.2d 83 (2002).
There is no allegation that the defendant has failed to comply with § 13-4. Instead, the plaintiff is asking the court to limit the defendant's number of expert witnesses, before trial, on the ground that "the sole purpose of such cumulative and redundant expert designations is to burden the plaintiff with taking multiple expert depositions and then later burden the court with repetitive and time consuming expert testimony." (Plaintiff's Motion to Limit Duplicative and Redundant Experts, p. 2) The plaintiff, however, cites no authority, nor has research produced any, to support the proposition that the court has the discretionary authority to limit a party's number of witnesses prior to trial. Indeed, the cases cited by the plaintiff all pertain to the trial court's authority to limit parties' expert witnesses at trial.
The court's authority to limit a party's number of expert witnesses derives from Connecticut Code of Evidence § 4-3, which provides "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." (Internal quotation marks omitted.) Ancheff v. Hartford Hospital, 260 Conn. 785,804, 799 A.2d 1067 (2002). This rule has never been applied in the context that the plaintiff is suggesting, that is, before a trial has commenced.[1] It is applied during the course of a trial. See, e.g.State v. Trotter, 69 Conn. App. 1, 14, 793 A.2d 1172 (2002); Ancheff v.Hartford Hospital, 260 Conn. 785, 804, 799 A.2d 1067 (2002); State v.Rolon, 257 Conn. 156, 182, 777 A.2d 604 (2001).
Neither the Practice Book nor case law support the proposition that a court can limit the number of witnesses before trial has commenced. In fact, courts have held the opposite. A judge can regulate a trial, for example, by limiting the number of witnesses at the time of trial. "[T]he conduct of the trial must necessarily be left largely to the discretion of the presiding judge. . . ." (Emphasis added; internal quotation marks omitted.) State v. Wood, 208 Conn. 125, 130, 545 A.2d 1026 (1988). "Reasonable efforts in the conduct of a trial aimed at making efficient use of time are within the sound discretion of the court. Elliott v. NewYork, N.H. H.R. Co., 83 Conn. 320, 329, 76 A. 298 (1910)." (Emphasis added.) Id., 131. Accordingly, the plaintiff's motion is denied.
 BY THE COURT ___________________ Kocay, J.
CT Page 15196-c